[Civ. No. 1516. Fourth Appellate District.—November 22, 1934.]

H. A. REESE, Respondent, v. CHARLES S. GROSS, Appellant.

W. T. Kendrick, Jr., and Wm. T. Kendrick for Appellant.

Charles Bagg for Respondent.

MARKS, J.—In June, 1928, plaintiff filed his action against defendants to quiet title to mining claims. ▆

The complaint is in the form usually found in such actions and, among other things, alleges "That the defendants, and each of them, claim some interest in and to said property adverse to this plaintiff." The answer, filed in April, 1929, consisted solely of the following denial: "Deny each and every allegation as therein set forth." This is in effect a disclaimer of any interest in the property. (*Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827].)

In October, 1931, the plaintiff moved the trial court for judgment on the pleadings. After this motion was noticed, and before it was heard, defendant Gross noticed a motion for leave to file an amended answer. The two motions came on for hearing at the same time. The motion of Gross was granted and the amended answer was filed, and the motion for judgment on the pleadings was denied.

The amended answer admitted that Gross claimed an interest in the property described in the complaint adverse to that of the plaintiff and denied the ownership of plaintiff. This amended answer raised issues of fact which could be decided only after trial and upon evidence taken. (*Butterfield* v. *Graves,* 138 Cal. 155 [71 Pac. 510]; *Smart* v. *Peek,* 213 Cal. 452 [2 Pac. (2d) 380]; *Warden* v. *Stoll,* 210 Cal. 374 [291 Pac. 835]; *Hinds* v. *Clark,* 173 Cal. 49 [159 Pac. 153].)

Plaintiff then noticed motions to strike out the amended answer, and for judgment on the pleadings. The trial court denied the motion to strike and granted the motion for judgment on the pleadings.

As the amended answer raised material issues of fact and was not stricken from the record, it was error on the part of the trial court to enter judgment on the pleadings. In *Cohn* v. *Klein,* 209 Cal. 421, at page 424 [287 Pac. 459, 460], it was said: "A word should here be said respecting the propriety of a motion by plaintiffs for judgment on the pleadings. This is called for by reason of the general rule that in an action to quiet title a plaintiff must prevail upon the strength of his own title and not upon the weakness of the title of his adversary. (*Patchett* v. *Webber,* 198 Cal. 440, 451 [245 Pac. 422], and other cases.) In view of the general allegations of ownership by plaintiffs and the general denial thereof by defendants, it may be said that a motion by plaintiffs for judgment on the plead-

ings is improper as such a motion is in the nature of a demurrer to the answer and where the answer raises a material issue, no such motion can be allowed to prevail. (*Cass* v. *Rochester*, 174 Cal. 358 [163 Pac. 212]; *Neale* v. *Morrow*, 174 Cal. 49 [161 Pac. 1165].)''

The judgment against appellant is reversed.

Barnard, P. J., and Jennings, J., concurred.