**Curran CAVANAGH, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., a corporation, Defendant.**

**Civ. A. No. 16787.**

United States District Court
W. D. Pennsylvania.
May 11, 1960.

---

4. Concededly, cases may be found adopting a stricter view than those cited.

W. Gregg Kerr, Jr., Donald C. Winson, Eckert, Seamans & Cherin, Pittsburgh, Pa., for plaintiff.

Hamilton A. Robinson, Dickie, Mc-Camey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding based on a suit for personal injuries arising out of an airplane accident, plaintiff at time of pretrial and after he had been afforded opportunity to exhaust discovery procedure, but after the expiration of the statute of limitations, moves the court to amend the complaint to allege willful and wanton acts claiming exemplary damages.

Defendant contends that the amended complaint asserts a new cause of action which is barred under the statute of limitations.

The sole question for determination is whether a litigant may amend his complaint to allege wanton misconduct and claim exemplary damages after the expiration of the statute of limitations?

It is undoubtedly true that Pennsylvania authority treats an allegation of willful and wanton misconduct as creating a new basis of action distinct and apart from an allegation of negligence, Kassonovich v. George, 348 Pa. 199, 34 A.2d 523; Arlia v. Philadelphia Transportation Co., 77 Pa.Dist. & Co. R. 21. The liberality of the Federal Rules, however, invokes the notice pleading concept which would entitle the plaintiff to all damages flowing from the occurrence out of which the action arose, 28 U.S.C.A. 54(c), Federal Rules of Civil Procedure.

It would appear, therefore, that such proof could have been presented under the allegation of recklessness contained in the original complaint.

But even assuming this were not the case, I am satisfied that the proposed amendment is aimed squarely at the conduct which was the subject of the original claim. The amendment would insert no new cause of action. It merely defines with greater particularity the alleged negligence of the defendant and claims additional damages, Borup v. National Airlines Inc., D.C., 117 F.Supp. 475.

The amendment will be allowed.

An appropriate order is entered.