489 P.2d 69

**GREEN RESERVOIR FLOOD CONTROL DISTRICT, Appellant and Cross Appellee,**

v.

**Tom WILLMOTH and Ruby Willmoth, his wife, Appellees and Cross Appellants.**

**No. 2 CA–CIV 771.**

Court of Appeals of Arizona, Division 2.

Sept. 28, 1971.

Rehearing Denied Nov. 4, 1971.

Review Denied Dec. 7, 1971.

Donald C. Cox, Eloy, for appellant and cross appellee.

Brown, Vlassis & Bain by George E. Hilty, Phoenix, for appellees and cross appellants.

HATHAWAY, Judge.

The Willmoths sued to recover damages for the flooding of their property in September 1964, December 1965 and January 1966. The second amended complaint against Green Reservoir Flood Control District alleged negligence and strict liability as theories of recovery. Following a jury trial, the jury answered sixteen interrogatories and appellees were awarded a $60,000 judgment based upon the interrogatories.

Green's Canal was built approximately sixty years ago extending through the land now owned by the Willmoths. The canal carried water from the Santa Cruz River and over a period of time parts of it silted up completely so that at the time the Willmoths purchased their land in 1947 the canal was no longer present on their land. A flood control district was formed to cope with flooding and by the middle of August 1964 the district with the help of the Army Corps of Engineers had extended the canal towards Willmoths' land. A dog-leg was put into the canal at the canal's closest point to the Willmoth property angling away from the land. At the time of the construction the Army Corps of Engineers advised the district that there would be continuing flood problems and relief would only be temporary. The district accepted the work and undertook maintenance of the canal. Near mid-September 1964, December 1965 and January 1966, water from the canal breached the apex of the dog-leg and caused the flooding in question.

The original complaint based upon negligence was filed September 9, 1966, which is within the two year statute of limitations as provided in A.R.S. § 12–542 since the first flooding on which damages are asked occurred on September 10 and 11, 1964. Two subsequent amended complaints filed without opposition on April 19, 1968 and October 29, 1968, included a theory of strict liability upon which appellees' claims were to be based. These two amended complaints were filed after the two year statute of limitations. The first question presented is whether these amended complaints fall under the purview of Ariz.R. Civ.P. 15(c), 16 A.R.S. and therefore relate back to the original filing. Rule 15(c) adopted from the Federal Rules of Civil Procedure reads as follows:

"15(c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Service of process in compliance with Rules 4(d) (7) or (8) satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant. Amended July 1, 1966. Effective on and after midnight Oct. 31, 1966."

The function of pleadings is to give notice and amendments will be liberally granted unless the adverse party is prejudiced. But, even if he is prejudiced, this must be balanced against hardship to the moving party if move to amend is denied. Scott v. Crescent Tool Co., 306 F.Supp. 884 (N.D.Ga.1969); Wisbey v. American Community Stores Corp., 288 F.Supp. 728 (D.Neb.1968). As long as the amended complaint refers to the same transaction or occurrence, defendant being put on notice by the first complaint, the amendment will be allowed even though new defendants or new theories are introduced. Williams v. United States, 405 F.2d 234 (5th Cir. 1968). The complaint before us arose out of the same operative facts. See Baker v. Walston & Company, 7 Ariz.App. 590, 442 P.2d 148 (1968). Given the facts before us we believe that appellant was given notice of the claim by the first complaint. The fact Green's Wash not Green's Canal was referred to in the original complaint and other minor changes were made does not detract from the sufficiency of the notice. We find no prejudice to appellant as a result of the amendment. Keeping in mind that this rule is to be liberally con-

strued as stated above, we find that the amended complaint relates back to the filing of the first complaint and therefore satisfies the applicable statute of limitations. Appellant further complains that summons was not issued on the original complaint until 134 days after it was filed. A plaintiff has one year after filing his claim to have a summons issued and served, and an action will not be dismissed for failure to issue and serve summons before the expiration of the one year period. Ariz.R.Civ.P. 6, subd. f; Taylor v. Superior Ct., 13 Ariz.App. 52, 474 P.2d 59 (1970).

Appellant's next contention is that there was no duty owed to the Willmoths because of the privilege to dike flood waters, and if there was such a duty, the evidence was not sufficient to establish that it had breached that duty.

Green's Canal was built in the early 1900's to carry waters from the Santa Cruz River to a reservoir. The major waters at that time followed the natural river course. In later years this changed and the greater flow followed Green's Canal. The canal, reservoir and appurtenant developments subsequently were abandoned.

The jury found that the canal had been extended and that the extension was the cause of the flooding and resulting damages. There was evidence to support this finding. The evidence would indicate that between August 11 and August 16, 1964, the Army Corps of Engineers excavated and diked a fifty foot wide dog-leg channel, extending the channel a mile closer to Willmoths' property. Before this undertaking, the majority of waters from Green's Canal dispersed and spread out across the lands. The channel extension and diking confined the water, eliminated the dispersion cuts, brought the full force of the water closer to Willmoths' property and directed it towards the property with "firehose" effect, as characterized by a witness, practically assuring flooding of the property

■ The parties are in disagreement concerning the nature of the waters. Appellant contends that they are floodwaters, treated as such in the proceedings below, and as such, appellant could protect itself against them even if its efforts caused them to flow on lands of another. Southern Pacific Co. v. Proebstel, 61 Ariz. 412, 150 P.2d 81 (1944). Appellees contend that any reference to the waters as "floodwaters" was in the sense the term was used in Maricopa County Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 206 P.2d 1168 (1949), meaning that the waters came in flood proportions. The factual setting there, as it relates to the nature of the waters, is strikingly similar to that in the case *sub judice*. There, the court observed:

> "The waters were first 'surface waters'; after entering the natural bed of Trilby wash they became 'stream waters'; and when the District built a channel to carry off these waters and they overflowed the end of the channel, they then became 'flood waters'." 69 Ariz. at 13, 206 P.2d at 1176.

Thus, the waters became "floodwaters" only when they overflowed the end of the artificial channel or when they breached the apex of the dog-leg.

■■ The privilege of channeling and diking does not allow one to cast the natural flow of a stream onto the land of another who has no duty or obligation to receive the flow. Schlecht v. Schiel, 76 Ariz. 214, 262 P.2d 252 (1953); Kirkpatrick v. Butler, 14 Ariz.App. 337, 483 P.2d 790 (1971). Though *Schlecht* involved the building of a wall that extended partially into the stream, we believe the same principle should apply in the present case since the flow of the water was diverted through artificial means by extension of the canal. See Southern Pacific Co. v. Proebestel, supra, 150 P.2d at 85. Although the jury found negligence in the appellant's flood control project as the proximate cause of appellees' damages, negligence is immaterial where, as here, appellees' premises were

not subject to an easement for the flow of the stream. Schlecht v. Schiel, supra.

█ Appellant disclaims it is responsible for the damages by alleging that since the construction work was in the hands of the Army Corps of Engineers, it is they who should pay the damages. This argument was rejected in Allen v. State, 208 Misc. 385, 143 N.Y.S.2d 867 (1955), aff'd 2 A.D.2d 644, 151 N.Y.S.2d 621 (1956). Alternatively, the district had accepted the finished work, took control of maintenance and operation of the finished work, and had been warned that there would be continued flooding. See Kennecott Copper Corp. v. McDowell, 100 Ariz. 276, 413 P.2d 749 (1966).

█ Complaint is made that a rebuttal witness of the plaintiffs was allowed to testify to inconsistent statements for impeachment of another witness without a foundational warning question. The questioned testimony being a party admission, was properly allowed. M. Udall, Arizona Law of Evidence, §§ 63, 177, 178 n. 56 at 381 (1960).

█ The district's argument that the trial court incorrectly allowed introduction of an indemnity agreement between the district and the United States is without merit since the district did not object to its admission. City of Tucson v. Wondergem, 105 Ariz. 429, 466 P.2d 383 (1970).

Appellees on cross-appeal question the propriety of the trial judge's vacating the judgment entered on February 5, 1969, and entering a proposed judgment by the district on May 5, 1969. The May 5th judgment, timely objected to by appellees, did not allow recovery of costs, allowed interest only from April 25, 1969, the date on which a minute order was issued denying the district's motion for new trial and judgment n. o. v., and vacated the February 5th judgment. That judgment had allowed the Willmoths to recover costs and allowed interest from January 30, 1969, the date the jury answered its interrogatories.

█ Appellant, cross-appellee, contends that the action taken by the judge on this matter was proper under Ariz.R.Civ.P. 60, subd. c, as amended. Appellees, cross-appellants, on the other hand contend the motion in effect was one to alter or amend the judgment and thus had to be made within ten days after entry of the February 5th judgment. Ariz.R.Civ.P. 59, subd. l. Granting a motion under Rule 60, subd. c is in the sound discretion of the trial court and will not be disturbed unless there has been a clear abuse of discretion. In re Estate of Cohen, 105 Ariz. 337, 464 P.2d 620 (1970). Before Rule 60, subd. c will apply movant must have grounds falling within one of the reasons listed in the rule. Appellant, cross-appellee, has specifically directed our attention to one of them, but talks about voidness which is reason four. Failure to serve the proposed February 5th judgment upon the district's counsel is cited as voiding that judgment. Ariz.R.Civ. P. 58, subd. d, as amended. Failure to comply with Rule 58, subd. d is not in itself reversible error. A showing of prejudice is required before its violation will be the basis for a reversal. Foster v. Ames, 5 Ariz.App. 1, 422 P.2d 731 (1967). In reviewing the record we have not found any prejudice that was suffered by the district as a result of the violation of this rule nor has any been pointed out to us by counsel for the district. The judgment is not void for failure to follow Rule 58, subd. d. Rule 60, subd. c does contain a catch-all category that allows relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Again the record does not show a justifiable reason for invoking Rule 60, subd. c in favor of the district. The trial judge abused his discretion in vacating the February 5th judgment and replacing it with the May 5th judgment.

█ However, the February 5th judgment is incorrect in that it gives interest from January 30, 1969, the date the jury answered the interrogatories presented to it. Interest on an unliquidated claim in Arizona runs from the date of judgment. DePinto v. Provident Security Life Insurance Company, 374 F.2d 37 (9th Cir.

**412**

1967), cert. denied, 389 U.S. 822, 88 S.Ct. 48, 52, .19 L.Ed.2d 74 (1967). Therefore, the February 5th judgment is reinstated and modified to draw interest from February 5, 1969.

Affirmed as modified.

KRUCKER, C. J., and HOWARD, J., concur.