517 P.2d 1079

Ben JOHNSON and Mary Johnson, his wife, Sam L. Linder and Cindy Linder, his wife, Appellants,

v.

Bill NYCHYK, Appellee and Cross-Appellant,

v.

Wesley G. GREEN and Susan Green, his wife, Cross-Appellees.

No. 1 CA–CIV 1886.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 10, 1974.

Cavness, DeRose, Senner & Rood by John W. Rood, Phoenix, for appellants.

Strong & Pugh, by William K. Strong, Phoenix, for appellee and cross-appellant.

Robbins, Green, O'Grady & Abbuhl, P.A. by Robert H. Green, Phoenix, for cross-appellees.

## OPINION

OGG, Judge.

In October, 1964 the plaintiffs Bill Nychyk and Inez Nychyk, husband and wife, met with appellants Ben Johnson and Sam L. Linder and cross-appellee Wesley G. Green (all originally defendants) in Phoenix to discuss an outdoor theater venture which the defendants desired to promote. At the meeting the parties agreed that the plaintiffs would invest $60,000.00 to finance the venture which was to be operated by a new corporation, Cinema International. Plaintiffs were to receive 25 percent of the stock in the corporation for their investment and the defendants were to receive 75 percent of the stock in return for their services.

Within the next month plaintiffs sent two checks to Green in the total sum of $60,000.00. These funds were placed in various checking and savings accounts controlled by one or all of the defendants. Two months later Cinema International, Inc. was formed and plaintiffs received their shares but no corporate bank account was established and the funds remained in the defendants' accounts. Although plaintiff Bill Nychyk signed the articles of incorporation which named him as an incorporator, director and vice-president of the company, he was never given notice of, nor did he attend or waive notice of, any incorporators', directors' or shareholders' meetings. The corporation never really became a viable, operating entity.

In the months following, a total of $40,000.00 of the plaintiffs' investment was expended by the defendant-promoters, but only $509.69 of that sum was used for the actual costs of promoting the venture; i. e., the incorporation expense. The remainder of the $40,000.00, except for $9,000.00 spent by Green, was used in unaccounted-for endeavors, one of which was an unsuccessful pool-table venture and for the personal living expenses of the defendant-promoters. As to defendant Green, the trial court found that he had fully accounted for his use of $9,000.00 of the funds as personal living expenses and that he had appropriated these funds as bona fide compensation for his services; he had devoted full time to the promotion of the venture. The $20,000.00 not expended by the defendants was later returned to the plaintiffs in exchange for their stock.

Judgment was entered in favor of plaintiff Bill Nychyk (he had acquired his wife's rights in the action) and against defendants Linder and Johnson individually and against them and their wives jointly and severally in the sum of $40,779.11, $9,768.38 of which consisted of interest at 6 percent computed over the course of the litigation; judgment was further entered against Linder individually for $1,340.00 consisting of a $1,000.00 principal sum which he received, plus interest. All of plaintiff's claims against Green were dismissed.

Defendants Linder and Johnson appealed from the judgment in favor of plaintiff and plaintiff cross-appealed from the judgment against him in favor of defendant Green. The original appeal will be considered first and then plaintiff's cross-appeal.

■ Appellants' first question is the propriety of the trial court's action permitting the plaintiffs to file their second amended complaint. Appellants assert that plaintiffs' second amended complaint, which was filed two and one-half years after the original complaint, set forth a new cause of action and thus did not relate back to the original complaint under Rule

**188**

15(c), Arizona Rules of Civil Procedure 16 A.R.S. Therefore, since the statute of limitations had expired on the alleged new theory, they allege that the plaintiffs were barred from asserting it.

Plaintiffs' original complaint set forth the circumstances of the case as outlined above and asserted liability based on fraud. Their second amended complaint included an allegation of conversion and was based upon the same transactions and occurrences as the original complaint.

Rule 15(c), Arizona Rules of Civil Procedure, states in part:

"15(c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Appellants are asserting that when a party sets forth a completely new theory of liability relating to the same factual background, Rule 15(c) does not apply to relate the amended pleading back to the date of the original complaint.

Arizona Court of Appeals decisions interpreting Rule 15(c) are clear in their holdings that as long as the amended pleading sets forth the same conduct, transaction or occurrence as the earlier pleading the amendment should be allowed and will relate back even though new theories of recovery are alleged. Green Reservoir Flood Control Dist. v. Willmoth, 15 Ariz.App. 406, 489 P.2d 69 (1971). This is true even though the change of theories is from contract to tortious misrepresentation. Arizona Title Ins. & Trust Co. v. O'Malley Lumber Co., 14 Ariz.App. 486, 484 P.2d 639 (1971); Neeriemer v. Superior Court of Maricopa County, 13 Ariz.App. 460, 477 P.2d 746 (1970).

Next, appellants assert that the trial court was not justified in entering a judgment against them based on a theory of confidential and fidiciary relationship, joint venture, resulting trust and conver-

sion because there were no findings of fact on these points, rather there were only conclusions of law on them. We note initially that the only thing absent from the findings of fact in this regard are the labels; the findings in and of themselves are complete without using the terms "fiduciary relationship" and "joint venture."

In Arizona the promoters of a corporation stand in a fiduciary relationship to the stockholder investors. Frame v. Mahoney, 21 Ariz. 282, 187 P. 584 (1920). Therefore, a finding that the defendants were promoters is a finding that they occupied a fiduciary relationship with the investors in the venture. Thus there need not be a specific finding by the trial court that a fiduciary duty is present so long as the promoter-investor relationship exists.

The appellants further argue that the imposition of a resulting trust is improper in this case because there was no finding of a fiduciary and confidential relationship between the parties. We reject this argument inasmuch as we have already determined that there is such a relationship existing. The mere designation of the form of the trust is not controlling; the court will look to the substance of the circumstances and not the labels placed on them by the parties. Nitrini v. Feinbaum, 18 Ariz.App. 307, 501 P.2d 576 (1972); 54 Am.Jur, Trusts, §§ 193, 225, 230.

The final question raised by the appellants pertains to the dischargeability of the debts in the bankruptcy proceeding. The trial court held that the obligations of the appellants were not dischargeable under § 17 of the Bankruptcy Act. 11 U.S.C.A. § 35 (1953). The court held that the judgments were based upon "the deliberate wilful conversion, misappropriation and defalcation of monies while serving and acting in a fiduciary capacity." The applicable subsection of 11 U.S.C.A. § 35(a)(4) reads:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in

part, except such as . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any *fiduciary capacity.*" [Emphasis added]

We have earlier found there was a fiduciary relationship between the promoters and the Nychyks and we find the trial court had ample evidence for finding that there was a deliberate wilful conversion, misappropriation and defalcation of the Nychyk funds by Johnson and Linder. In our opinion all three of the defendant promoters are in the same legal position and as will be discussed later in the Nychyk cross-appeal, we believe there is no valid legal reason to exempt Green from responsibility.

We therefore hold that the conduct of all three promoters in the handling of the Nychyk funds amounted to a defalcation and a breach of their fiduciary duty which prevents a discharge of their obligations by a release in bankruptcy. See Kadish v. Phoenix-Scottsdale Sports Company, 11 Ariz.App. 575, 466 P.2d 794 (1970).

Although Kadish involved the fiduciary duty of an officer to a corporation, we believe the promoter-investor relationship is analogous since it exists because of the relationship of the parties to one another and gives rise to the creation of a fiduciary relationship for all purposes. For all the reasons heretofore stated, we affirm that portion of the trial court's decision which granted judgment in favor of Nychyk against the Johnsons and Linders.

## CROSS-APPEAL

■ Nychyk files this cross-appeal alleging judgment should have been rendered in his favor against the Greens for the Nychyk funds wrongfully used by Wesley G. Green for his personal living expenses. As stated earlier in this opinion it is our belief that all three promoters were in the same legal position and owed the same fiduciary duties to the investor Nychyk. It was the agreement of the parties that Nychyk was to invest $60,000.00 for 25 percent of the stock. Johnson, Linder and Green were to receive the remaining 75 percent of the stock for performing the necessary work to open the theater. Green admitted that the $60,000.00 invested by Nychyk was to cover the cost of the lease and capital improvements for the theater. There was never any agreement or proper authorization for Green to use any of these funds for his private living expenses. Green could not logically have his share of the stock and also claim a right to use $9,000.00 of Nychyk's money for a salary to cover his living expenses.

■ It is a general proposition of law that, absent an agreement to the contrary, the promoters of a venture must bear the expenses and losses of the venture and refund the contributions of investors if the venture is abandoned. Alkire v. Acuff, 134 Okl. 43, 272 P. 405 (1928); 1 Fletcher on Corporations, §§ 220–221; 18 C.J.S. Corporations §§ 136–145; 18 Am.Jur.2d, Corporations, §§ 114–118.

We therefore reverse that portion of the decision denying Nychyk a judgment against Green and direct the trial court to enter judgment in favor of Nychyk and against Wesley G. Green and Susan Green, his wife, for the sum of Nine Thousand Dollars ($9,000.00), together with interest accrued thereon.

DONOFRIO, P. J., and STEVENS, J., concur.