641 P.2d 867

**Hazle MARSHALL, a protected person, by her conservator Charles J. Dyer, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, MARICOPA COUNTY; the Honorable Roger G. Strand, Judge; the Honorable William P. French, Judge; and Patrick E. Eldridge and Violet E. Eldridge, real parties in interest, Respondents.**

No. 15804–SA.

Supreme Court of Arizona, In Banc.

Feb. 23, 1982.

Robbins & Green by Joe M. Romley, Jan Hutchison, Phoenix, for petitioner.

Monbleau, Vermeire & Turley by Richard N. Crenshaw, Albert R. Vermeire, Phoenix, for respondents real parties in interest Eldridge.

FELDMAN, Justice.

The question in this special action proceeding is whether an amendment to the complaint relates back to the date on which the action was filed. If not, the cause of action asserted in the amendment would be barred by the statute of limitations.

Acting through her conservator, plaintiff (the petitioner in this proceeding) brought an action against Britt, Eldridge and others. Eldridge is the only real party in interest in the special action before us. The complaint, filed in March 1977, alleged that plaintiff was a protected person (as defined in A.R.S. § 14–5101(2), that she had been "mentally incapacitated" at all material times to the extent that she was unable to "understand and comprehend the consequences of her action," and that defendants Britt and Eldridge had been aware of that incapacity. Plaintiff also alleged that as a result of "undue influence" by Britt she had been induced to convey certain property to Eldridge, who had then transferred it to Britt.

The complaint further alleged that Eldridge was an attorney and had acted as the attorney for both plaintiff and Britt in the transactions described. Count III of the complaint incorporated the foregoing allegations and continued with allegations that Eldridge had acted "in breach of [the] trust and fiduciary relation" which he owed to his incompetent client and that he had "disposed of or encumbered" the property which the plaintiff had conveyed to him as a result of Britt's undue influence. For purposes of this proceeding, we must assume the truth of these allegations.

The original complaint was not a model of clarity or technical skill. Despite the allegations outlined above, it failed to demand any relief from Eldridge other than a general prayer that title to the property be quieted in the plaintiff, that the deed from plaintiff to Eldridge be "delivered up and cancelled," and that a trust "be impressed" on the property in plaintiff's favor. No tort damages—nor, indeed, compensatory or punitive damages of any kind—were sought from Eldridge. As is customary, the court was asked to give such other and further relief as might be proper.

So far as the record before us shows, Eldridge's response to these allegations was to file a "disclaimer of interests" in the real property. This procedure is authorized in actions to quiet title by A.R.S. § 12–1103.

Four years later, through different counsel, plaintiff moved to amend the complaint in order to seek damages from Eldridge. Counts IV and V of the amended complaint are in issue here. Amended Count IV contains allegations that Eldridge acted as attorney for both parties, that he was negligent in handling the transactions (which are the same transactions as those described in the original complaint), and that his negligence caused damage to plaintiff. In Count V of the amended complaint, plaintiff alleges that Eldridge and Britt breached a confidential relationship with her. As a result, plaintiff claims she was deprived of her interest in the property. Eldridge and Britt are charged with having acted wrongfully and intentionally, and punitive damages are sought "against the defendants." [1] Thus, plaintiff now seeks tort damages from Eldridge, when none were sought in the original complaint. Amended Count IV seeks compensatory damages for Eldridge's alleged negligence, while amended Count V seeks both compensatory and punitive damages for Eldridge's alleged intentionally wrongful acts. [2]

1. Presumably this means that plaintiff seeks punitive damages against both Eldridge and Britt, since both qualify as "defendants" and both are accused of wrongful actions in Count V.

2. Inexplicably, paragraph 7 of the prayer for relief in the amended complaint reads as follows: "(7) That punitive damages be assessed against defendants Britt". In view of the allegations of amended Count V, accusing both Eldridge and Britt of breach of fiduciary relationship and of intentional, wrongful acts, we assume that the omission of Eldridge's name from paragraph 7 of the prayer for relief is an oversight rather than the expression of some intent to treat him differently from Britt.

The court below granted plaintiff's motion to amend the complaint and Eldridge then moved to dismiss the amended complaint, contending that the damage actions were barred by the applicable statute of limitations. The court below first ordered that the amended complaint be dismissed with prejudice as against Eldridge, but when plaintiff moved for clarification, Judge French ruled that Eldridge's motion to dismiss had been directed only to the claim for professional negligence (Count IV) and entered a minute entry order to that effect. Subsequently, Judge Strand, acting in place of Judge French, entered an order denying plaintiff's motion for reconsideration and ordering that Count IV of the amended complaint be dismissed with prejudice as to Eldridge. Count V, the claim for intentional wrong, was not dismissed. The order did not contain the language required by Rule 54(b), Arizona Rules of Civil Procedure, 16 A.R.S., and is not appealable.

Eldridge claimed both here and in the court below that the negligence and intentional wrong counts of the amended complaint (Counts IV and V) were barred by the statute of limitations. Eldridge claims that the only error of the court below was in failure to dismiss Count V, as well as Count IV.[3] Plaintiff claims that both Counts IV and V relate back, so that neither is barred.

## JURISDICTION

█ We accept jurisdiction because of circumstances such as the fact that the plaintiff is a ward of the court, that charges are made with respect to the professional conduct of an alleged fiduciary, and because there is bound to be considerable waste of time, effort and money if the case is tried

on the count alleging intentional breach of duty, with that alleging negligent breach stricken. Such practical considerations create an appropriate situation for exercise of our discretion to accept jurisdiction. *Nataros v. Superior Court*, 113 Ariz. 498, 557 P.2d 1055 (1976).

## THE DISCLAIMER

█ In his response to the quiet title prayer, Eldridge disclaimed any interest in the real property. He claims he was thereby "automatically dismissed" from the action so that no later amendment of the complaint could relate back and any new action or claim against him would be barred by the statute of limitations. We do not agree.

A.R.S. § 12–1101(A) provides that an action to quiet title may be brought against "any person or the state when such person or the state claims an estate or interest in the real property which is adverse to the party bringing the action." By § 12–1102, it is required only that the complaint be made under oath, that it describe "generally" the nature of plaintiff's estate, describe the premises, and that it state that "plaintiff is credibly informed and believes defendant makes some claim adverse to plaintiff." The statute also requires that the complaint contain a prayer "for establishment of plaintiff's estate . . . ." Section 12–1103(A) contains the provision allowing defendant to appear and disclaim. It reads as follows:

12–1103. Disclaimer of interest and recovery of costs; request for quit claim deed; disclaimer of interest by state

A. If defendant . . . appears and disclaims all right and title adverse to plaintiff, he shall recover his costs.

Eldridge argues that three California cases provide authority for the theory that

**3.** Eldridge's counsel took this position at oral argument as well as in the Response filed to the Petition for Special Action in this Court. In that Response, Eldridge argued:

[I]t is apparent that the entire Complaint must be dismissed with respect to defendant ELDRIDGE as it clearly is barred by the applicable statute of limitations, and any error by the respondent judges lay only in mod-

ifying the original order of dismissal to reflect dismissal only of the professional negligence claim.

Apparently Eldridge also assumes that by Count V of the amended complaint plaintiff seeks punitive damages against both Britt and Eldridge, even though the prayer for relief mentions only Britt with respect to punitive damages.

when he disclaimed any interest in the real property he "passed out" of the action. *Baar v. Smith*, 201 Cal. 87, 255 P. 827 (1927), does contain an interesting discussion on the state of the law of trover and detinue, but does little to provide support for the "passing out" argument. *Baar* was an action brought to quiet title to stock in a mining company. No cause of action was alleged against the company, and the company claimed no interest in the stock. The court held there was, therefore, no triable issue against the company and mentioned that even counsel for the company had conceded that it "passes out along with the" other defendants who claimed no interest in the stock. *Id.* at 93, 255 P. at 831. This case provides no authority for the novel proposition that Eldridge was "automatically dismissed" from the action when he filed a disclaimer of any right, title and interest in the real property. The other California cases cited by Eldridge in support of his automatic disclaimer or argument are *Muller v. Muller*, 209 Cal.App.2d 704, 26 Cal. Rptr. 337 (1962), and *Reese v. Gross*, 2 Cal. App.2d 384, 37 P.2d 1058 (1934). They are even less on point than *Baar*.

Nothing in our statutes on quiet title actions provides for a dismissal at all, let alone "automatic dismissal." The allegations of the original complaint obviously went beyond those necessary or material to a simple quiet title action and absent any express procedural direction in the statutes, we refuse to hold that automatic dismissal follows from a defendant's disclaimer of any right, title or interest in the real property. If the party making such a disclaimer wishes to test the water to find whether the plaintiff asserts any other claim against him, he need only file a motion to dismiss after filing his disclaimer. If no other claim is asserted, then the motion to dismiss would be properly granted. Eldridge did not follow that procedure in the case at bench.

## THE STATUTE OF LIMITATIONS— THE RELATION BACK OF THE PROPOSED AMENDMENTS

Eldridge's primary argument is that the two counts of the amended complaint which are here in question do not relate back and are therefore barred by the statute of limitations because the amended complaint seeks relief entirely different from that demanded in the original complaint and because the two new counts stated additional facts and new theories of law for recovery of tort damages. Thus, Eldridge claims, the amended counts "stated entirely new causes of action" against him. He argues that an amended complaint cannot relate back if it sets forth a new cause of action, citing *Daniel v. City of Tucson*, 52 Ariz. 142, 79 P.2d 516 (1938). *Daniel* does hold that an amendment which contains a new cause of action will not relate back. Unfortunately for Eldridge, however, *Daniel* was decided before the adoption of our present Rules of Civil Procedure. The present test for application of the doctrine of relation back is set forth in Rule 15(c), Arizona Rules of Civil Procedure, 16 A.R.S., which provides that:

> Whenever the claim or defense asserted in the amended pleading *arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading*, the amendment relates back to the date of the original pleading .... [Emphasis added.]

Our Court of Appeals previously commented on the meaning and philosophy of Rule 15(c) in the following words:

> "As long as the original complaint provides defendant with adequate notice of the conduct, transaction, or occurrence upon which plaintiff bases his claim ..., it is reasonable to assume that defendant has knowledge of any claim plaintiff might assert in any capacity arising out of the event in dispute...."

*Watts v. State*, 115 Ariz. 545, 549, 566 P.2d 693, 697 (App.1977) (quoting 6 Wright & Miller, Federal Practice & Procedure § 1501, at 526–27).

Further comments appropriate to the problem presented here are contained in Wright & Miller:

> An approach that better reflects the liberal policy of Rule 15(c) is to determine

whether the adverse party, viewed as a reasonably prudent man, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question.

\* \* \* \* \* \*

The judicial insistence on notice does not mean that the courts will bar relation back simply because the amended pleading deviates markedly from the original .... The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.

Thus, an amendment may set forth a different statute as the basis of the claim, or change a common law claim to a statutory claim or *vice versa*, or shift from a contract theory to a tort theory, or delete a negligence count and add or substitute a claim based on warranty, or change an allegation of negligence in manufacture to continuing negligence in advertising. *Indeed, an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in the first sentence of Rule 15(c).*

6 Wright & Miller, Federal Practice & Procedure § 1497 at 499–502 (1971) (emphasis added).

These principles have been recognized in Arizona in cases other than *Watts v. State*, supra. For instance, in *Neeriemer v. Superior Court*, 13 Ariz.App. 460, 463–64, 477 P.2d 746, 749–50 (1970), the Court of Appeals held that an amendment asserting a claim against a physician for battery would relate back to the time of filing the original complaint which had contained only a count alleging professional negligence. *Accord,*

*Schmidt v. Mel Clayton Ford*, 124 Ariz. 65, 68, 601 P.2d 1349, 1352 (App.1979); *Johnson v. Nychyk*, 21 Ariz.App. 186, 188, 517 P.2d 1079, 1081 (1974); *Green Reservoir Flood Control District v. Willmoth*, 15 Ariz.App. 406, 409–10, 489 P.2d 69, 72–73 (1971); *Arizona Title Insurance & Trust Co. v. O'Malley Lumber Co.*, 14 Ariz.App. 486, 484 P.2d 639 (1971). The doctrine of relation back under Rule 15(c) also applies to the situation where the amendment changes a demand for equitable relief to one for legal relief. *See* 3 Moore, Moore's Federal Practice § 15.15(2), at 1030 (1980); 6 Wright & Miller, Federal Practice & Procedure § 1497, at 494–95 (1971).

The authorities cited above compel the conclusion that plaintiff's amended complaint should not be barred by the statute of limitations merely because it added claims for professional negligence and intentional violation of fiduciary duties and sought damages, where none had been claimed in the original complaint. It is only when the amendment seeks relief with respect to a *transaction* or *event* which was not the "basis of the original complaint" that the doctrine of relation back is considered inapplicable. *See Barnes v. Vozack*, 113 Ariz. 269, 272, 550 P.2d 1070, 1073 (1976), holding that there was no relation back where the original complaint alleged fraud in the sale of stock to plaintiff and the amended complaint alleged fraud in defendant's application for a registration exemption.

Under the test of Rule 15(c), Eldridge was entitled to notice of the conduct, transactions, or occurrences out of which plaintiff's claim arose. Having been given notice of these transactions,[4] Eldridge should have been aware he might face claims for intentional wrong and professional negligence arising out of the described transactions. The fact that plaintiff did not pray for any monetary damages against Eldridge in the original complaint does not prevent

---

4. The transactions described in the original complaint involved the dual representation of Marshall and Britt, plus participation in the conveyance of plaintiff's property which was allegedly obtained by Britt through undue influence and violation of his fiduciary duty to plaintiff.

the relation back of the amendment nor the grant of relief which was not demanded in the original pleading. See Rule 54(d), Arizona Rules of Civil Procedure, 16 A.R.S.

> "The liberality of the Federal Rules ... invokes the notice pleading concept which would entitle the plaintiff to all damages flowing from the occurrence out of which the action arose ...."

*Cavanagh v. Trans World Airlines, Inc.*, 183 F.Supp. 370, 371 (W.D.Pa.1960) (citing 28 U.S.C.A. 54(c),[5] Federal Rules of Civil Procedure).

Some intimations contrary to the test laid down in this opinion can be found in an Arizona case decided after adoption of the current rules in 1939. In *Smith v. Pinner*, 68 Ariz. 115, 120, 201 P.2d 741, 744 (1948), this Court held that where an original complaint had asserted a cause of action based on contract, an amended complaint seeking tort damages in addition to the contract damages created a new cause of action which would not relate back to the time of original filing and which was barred by the statute of limitations. The opinion in *Smith v. Pinner* did not mention Rule 15(c)

and was based upon *Daniel v. City of Tucson*, supra, and *Kunselman v. Southern Pacific Railroad Co.*, 33 Ariz. 250, 263 P. 939 (1928). Both *Daniel* and *Kunselman* were decided before adoption of the present rules. For that reason, and because we are convinced that the liberality of the amendment provisions of the existing rules is much preferable to the technicalities of the old procedure, we disapprove of *Smith v. Pinner*, supra, and will continue to follow the modern view adopted in our later decisions.

The orders striking Count IV of the First Amended Complaint are vacated, and the case is remanded for proceedings consistent with this opinion.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and CAMERON, JJ., concur.

---

5. Federal Rule 54(c) is the equivalent of Arizona Rule 54(d).