IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, et al., *Plaintiffs/Appellants*,

*v.*

ARIZONA BOARD OF REGENTS, et al., *Defendants/Appellees*.

No. 1 CA-TX 20-0003
FILED 4-20-2021

Appeal from the Superior Court in Maricopa County
No. TX2019-000011
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brunn W. Roysden III, Robert J. Makar, Michael S. Catlett,
Katlyn J. Divis
*Counsel for Plaintiff/Appellant State of Arizona*

Snell & Wilmer LLP, Phoenix
By Brett W. Johnson, Colin P. Ahler, Tracy Olson
*Co-Counsel for Defendant/Appellee ABOR*

Perkins Coie LLP, Phoenix
By Paul F. Eckstein, Joel W. Nomkin, Shane R. Swindle,
Thomas D. Ryerson, Austin C. Yost
*Co-Counsel for Defendants/Appellees ABOR, et al.*

Kolodin Law Group PLLC, Phoenix
By Alexander Kolodin, Chris Ford, Christopher Viskovic
*Amicus Curiae for Senator Vince Leach*

---

**OPINION**

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**		The Arizona Attorney General's Office ("AGO") sued to enjoin an agreement by the Arizona Board of Regents ("ABOR") and a private company to build and operate a hotel and conference center on state property. The tax court ruled the AGO's amended claim under our constitution's Gift Clause was untimely and thus granted summary judgment on that claim. The court dismissed the remaining claims, finding the AGO lacked statutory authority to bring them. The AGO appeals from the tax court's resulting entry of judgment for ABOR and Arizona State University Vice President John Creer.

**¶2**		We agree with the tax court that a one-year statute of limitations period applies to bar the AGO's Gift Clause claim. In doing so, we conclude the AGO had sufficient information to prompt an investigation more than a year before it attempted to bring this claim and that the claim does not relate back to the original complaint. We also agree with the tax court that the AGO lacked statutory authority or independent *quo warranto* authority to bring the remaining claims. Finally, we conclude the AGO failed to establish the attorneys' fees awarded to ABOR and Creer were unreasonable. We affirm the tax court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶3**		ABOR owns about ten acres of land on the southeast corner of Mill Avenue and University Drive, in Tempe. ABOR's land, like all state-owned property, is exempt from property taxes. *See* Ariz. Const. art. 9, § 2(1); *see also* A.R.S. § 42-11102(A). This case concerns an agreement ABOR struck with Omni Hotels Corporation ("Omni") to grant Omni an option to build and operate a hotel and conference center. ABOR

first publicly discussed its intent to develop and/or lease this land during a June 2016 meeting.

¶4        Four months later, ABOR, Omni, and the City of Tempe signed a term sheet containing some of the deal's terms. ABOR agreed to lease 1.6 acres to Omni and contribute up to $19.5 million towards constructing a conference center next to the hotel. ABOR would retain ownership of both the hotel and conference center until the 60-year lease term expired, when Omni could exercise an option to purchase the hotel and conference center for a nominal amount. Omni agreed to prepay some rent at roughly $85 per square foot and make additional yearly payments as rent instead of property taxes. Finally, ABOR agreed to build a parking structure directly abutting the complex and granted Omni exclusive use of about one-fifth of the parking spaces.

¶5        On January 11, 2018, the City of Tempe reached a final agreement with Omni to develop a hotel and conference center on ABOR's property. The agreement included $21 million in sales tax relief. On that same day, AGO attorneys internally circulated a letter to the editor of the Arizona Republic discussing the Omni transaction. One AGO attorney wrote that the Omni transaction sounded "pretty suspicious." On February 28, 2018, ABOR and Omni signed an "option to lease" allowing Omni to exercise the lease if ASU agreed to build the parking structure.

¶6        The AGO filed a three-count complaint on January 10, 2019. *Count I* sought declaratory and injunctive relief, alleging the lease improperly exempted the hotel and conference center from property taxes. *Count II* sought *quo warranto* relief to void the transaction because it constituted an improper exercise of ABOR's power to enter into leases for public purposes. *Count III* sought *quo warranto* and declaratory relief that the lease was illegal because it lacked a public purpose under A.R.S. § 15-1625.

¶7        Extensive motion practice ensued, including several motions to dismiss. The tax court ultimately granted ABOR's motion to dismiss the three counts in the complaint, ruling the AGO lacked authority to bring them. By that time, the AGO had filed an amended complaint adding a fourth count against ABOR and Creer. *Count IV* alleged several components of the transaction violated the Arizona Constitution's Gift Clause and constituted an illegal payment of public money, which the AGO is empowered to police. *See* A.R.S. § 35-212. After substantial discovery, the AGO and ABOR filed cross motions for summary judgment on ABOR's contention that a statute of limitations barred *Count IV*.

¶8        After hearing argument, the tax court granted summary judgment in ABOR's favor. The court ruled *Count IV* was untimely because the AGO had actual knowledge more than one year before filing the amended complaint that ABOR would spend public funds to construct the conference center. As the court stated, "[n]ot only did [the AGO] have enough information to trigger a duty to investigate, [it] was investigating a Gift Clause claim involving the ABOR/Omni Deal more than a year before it filed the instant claim." The tax court also held *Count IV* did not relate back to the filing of the original complaint.

¶9        The tax court issued its final judgment in February 2020. In that judgment, the court dismissed the AGO's claim against Creer on the basis he could not be personally liable for any violation of A.R.S. § 35-212. The court awarded ABOR and Creer $979,758 in attorneys' fees and $2,356.62 in taxable costs. The AGO timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10        The AGO argues the tax court erred in granting summary judgment to ABOR on the Gift Clause claim, erred in dismissing the three claims in the original complaint, and awarded excessive attorneys' fees.

## I.        Summary Judgment on the Gift Clause Claim

¶11        We review the tax court's grant of summary judgment *de novo*. *Calpine Const. Fin. Co. v. Ariz. Dep't of Revenue*, 221 Ariz. 244, 247, ¶ 12 (App. 2009).

### A.  Statute of Limitations

¶12        The tax court ruled *Count IV* was untimely under the one-year limitations period for claims against public entities. *See* A.R.S. § 12-821. The AGO contends the tax court incorrectly barred *Count IV* under the one-year limitations period because A.R.S. § 35-212(E) gives the AGO five years to sue after an illegal payment is ordered. We review issues of statutory interpretation *de novo*. *Id.*

¶13        Under § 35-212(E),

> An action brought pursuant to this article is subject to title 12, chapter 7, article 2. If the action is brought by the attorney general, the action must be brought within five years after

> the date an illegal payment was ordered and [A.R.S.] § 12-821.01 does not apply to the action.

(Sections 12-820 to -826 fall within title 12, chapter 7, article 2). The AGO relies only on the second sentence of § 35-212(E). But the first sentence of § 35-212(E) expressly subjects any action to enjoin illegal payments to chapter 7, article 2 of Title 12, which includes the one-year limitations period for suits against public entities and employees. *See* A.R.S. § 12-821. The second sentence is a statute of repose (not a statute of limitations) which bars any suit by the AGO filed more than five years after an illegal payment is ordered. *See* A.R.S. § 35-212(E). "[S]tatutes of repose differ in purpose and operation from statutes of limitations." *Albano v. Shea Homes Ltd. P'ship*, 227 Ariz. 121, 127, ¶ 23 (2011). Statutes of limitations begin running "after an injury occurs and is (or reasonably should have been) discovered . . . But a statute of repose is intended to establish a limit beyond which no suit may be pursued and sets a period of time within which claims must be brought regardless of when the cause of action may accrue." *Id.* (internal quotations and citations omitted).

¶14 The AGO argues § 12-821 does not apply to any claim brought by the attorney general and contends such claims are only subject to the five-year period specified in the second sentence of § 35-212(E). When construing two statutes, we will try to harmonize and give effect to all their provisions. *State v. Bowsher*, 225 Ariz. 586, 589, ¶ 14 (2010). Section 35-212(E) first explicitly invokes the article in Title 12, which contains the generally applicable limitations period for claims against public entities and employees. It then provides a single exception from Title 12 for claims brought by the attorney general: the notice of claim statute. *See* A.R.S. § 12-821.01. Thus, by its plain language, a suit initiated by the AGO to invalidate an illegal payment of public funds remains subject to each of the other provisions within §§ 12-820 to -826. Applying that principle here, *Count IV* is subject to the one-year limitations period in § 12-821.

*B. Accrual*

¶15 The AGO next argues *Count IV* was timely because it accrued within one year of filing the amended complaint. As pertinent here, a claim accrues when a reasonable person would have been on notice to investigate. *See Cruz v. City of Tucson*, 243 Ariz. 69, 72, ¶ 8 (App. 2017). *See* A.R.S. § 12-821.01(B) ("For the purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or

condition that caused or contributed to the damage."). The AGO first questioned whether ABOR's commercial development implicated the Gift Clause on January 11, 2018, when senior AGO attorneys circulated an internal legal memorandum and an opinion editorial on the topic. And one of the AGO's attorneys specifically called the transaction "pretty suspicious." By that time, term sheets outlining the transaction were publicly accessible and the finalized option agreement, executed in February 2018, contained all the provisions the AGO would later challenge. On this record, the AGO had notice to investigate any Gift Clause claim long before April 3, 2018 (one year before the AGO filed its amended complaint).

¶16 The AGO argues, however, that when the claim accrued is a question of fact and the tax court erred in denying discovery to address whether ABOR's conduct tolled the limitations. Though juries normally decide when a claim accrues as a factual matter, summary judgment is appropriate when no genuine issue of material fact exists, and the questions can be resolved on the law. *See Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32 (1998); *see also Thompson v. Pima Cnty.*, 226 Ariz. 42, 47, ¶ 14 (App. 2010). And a court may properly enter summary judgment when the plaintiff cannot reasonably justify its failure to investigate. *See Walk v. Ring*, 202 Ariz. 310, 316, ¶ 23 (2002).

¶17 To be sure, the AGO did not obtain all documents related to the transaction contemplated between Omni and ABOR until after April 3, 2018. But the AGO undisputedly knew about the transaction and could have asked for copies of the agreements before that date. Indeed, the AGO affirmatively opted against requesting copies of the documents out of a desire—as one AGO attorney put it—not to "poke the bear." The tax court thus appropriately determined *Count IV*'s accrual date as a matter of law.

¶18 The tax court allowed limited discovery into whether the AGO knew or should have known enough to investigate a claim under the Gift Clause. In doing so, the court denied the AGO's request for ABOR's "entire file on the Omni deal, including deal drafts and communications." The AGO argued ABOR officials made public statements concealing the true nature of the Omni agreements, the file might contain evidence ABOR fraudulently concealed details of those agreements, and ABOR's concealment would have tolled the statute of limitations. But the court noted the AGO already possessed enough evidence to raise the argument in summary judgment briefing.

**¶19** The AGO does not specify a basis on which this court could conclude the tax court abused its discretion by denying the AGO's request for ABOR's "entire file" on the transaction. *See State v. Connor*, 215 Ariz. 553, 557, ¶ 6 (App. 2007) (abuse of discretion standard applies to review of discovery rulings). We find no abuse of discretion here.

*C. Relation Back*

**¶20** The AGO also argues *Count IV* was timely because it relates back to the filing of the original complaint. *Count IV* relates back if it arises out of the same conduct, transaction, or occurrence set forth in the original complaint. *See* Ariz. R. Civ. P. 15(c). We review the interpretation of a court rule *de novo. Flynn v. Campbell*, 243 Ariz. 76, 80, ¶ 7 (2017). Rule 15(c) seeks "to ameliorate the effect of the statute of limitations." *Id.* at ¶ 10.

**¶21** An amended claim that introduces new facts may relate back if those facts relate to the transaction at issue in the original pleading. *See Servs. Holding Co. v. Transamerica Occidental Life Ins. Co.*, 180 Ariz. 198, 208 (App. 1994). Likewise, an amendment that changes a claimant's legal theory may relate back if "the factual situation . . . remains the same and has been brought to the defendant's attention by the original pleading." *Marshall v. Superior Ct.*, 131 Ariz. 379, 383 (1982). But an amendment does not relate back if it "seeks relief with respect to a transaction or event which was not the basis of the original complaint." *Id.* (citations omitted).

**¶22** The AGO contends *Count IV* should relate back because it arises out of the overall ABOR-Omni transaction the AGO challenged in the original complaint. We disagree.

**¶23** Our supreme court's decision in *Barnes v. Vozack*, 113 Ariz. 269 (1976), illustrates the distinction between an amended claim based on the same transaction or event and an amended claim based on a different transaction or event. The plaintiff in *Barnes* originally alleged the defendants committed common-law fraud when they sold him stock. *Id.* at 271. The plaintiff later amended his complaint to add two claims. *Id.* The first new claim alleged the defendants' misrepresentations also violated a statute barring fraud in the sale of stock. *Id.* The second claim alleged the defendants made misrepresentations in violation of another statute when they applied to the state for an exemption permitting the stock sale. *Id.* The court held the first new claim related back but the second did not. *Id.* at 272. The statutory stock-fraud claim relied on the same facts as the common-law fraud alleged in the original complaint. *Id.* But the exemption filing at issue in the second new claim was not mentioned in the original complaint, and

the statute on which that claim was based did not apply to misrepresentations made in the sale of stock. *Id.* "Although a fraudulent practice, [the misrepresentations made in the exemption filing were] not a part of the same conduct, transaction or occurrence which was the basis for the original complaint for fraud in the sale of stock." *Id.*

**¶24**     The amendment did not necessarily relate back under Rule 15(c)(1) simply because *Count IV* asserted a claim tangentially related to those alleged in the AGO's original complaint. Like the second new claim in *Barnes*, *Count IV* alleged facts not pled in the original complaint and, based on those facts, introduced a new claim based on legal authorities also absent in the original complaint.

**¶25**     *Counts I*, *II*, and *III* alleged the deal effectively constituted ABOR-approved tax evasion. *Count I* claimed the for-profit enterprise did not qualify for tax-exempt status under any statutory or constitutional exemption. *Count II* claimed ABOR exceeded its statutory authority by conveying property to avoid taxes. *Count III* claimed the property should carry *ad valorem* taxes because ABOR is not "receiving and holding" the property as required by § 15-1625, which allows ABOR to enter into leases and long-term leases "for the benefit of this state and for the use of the institutions under its jurisdiction." A.R.S. § 15-1625(B)(4). The AGO thus crafted each original claim to address the property's tax-exempt status and the State's potentially lost/uncollectable tax revenue.

**¶26**     *Count IV* did not turn on the alleged diversion of property tax revenues, the concern articulated throughout the original complaint. Rather, *Count IV* centered on elements of the overall ABOR-Omni transaction that were not at issue — let alone mentioned — in the original complaint. The AGO's amended complaint introduced 17 pages of additional facts in support of its new claim, including that ABOR agreed to contribute $19.5 million toward Omni's construction of the conference center and agreed to build a parking garage with more than 200 spaces dedicated for Omni's use. The AGO alleged that ABOR agreed to accept below-market rent payments from Omni for the leased property. And the AGO also argued that the "additional rent" Omni agreed to pay ABOR cannot be considered a public benefit because those payments would have been otherwise collected as *ad valorem* taxes.

**¶27**     To prove *Count IV*, the AGO would have to show that those elements of the transaction lacked a public purpose or the consideration received by ABOR was disproportionate to what it agreed to give Omni. *See Cheatham v. DiCiccio*, 240 Ariz. 314, 318, ¶ 10 (2016). Those are different

inquiries than the implications of tax evasion and misuse of ABOR's authority that underlay *Counts I*, *II*, and *III*.

**¶28** In essence, although the amended complaint introduced new facts relating to the ABOR/Omni deal raised in the original complaint, the operative facts supporting *Count IV* (ABOR's direct and indirect payments to Omni) do not fall within that factual overlap. We agree with the tax court that *Count IV* does not relate back to the original complaint and affirm entry of summary judgment dismissing *Count IV* against ABOR and Creer.

## II. Dismissal of *Counts I*, *II*, and *III*

**¶29** The AGO also challenges the tax court's dismissal of *Counts I*, *II*, and *III* based on its conclusion that the AGO lacked statutory authority to bring the claims. We review dismissal of a claim under Rule 12(b)(6) *de novo*. *Shepherd v. Costco Wholesale Corp.*, ___ Ariz. ___, ___, ¶ 11, 482 P.3d 390, 392 (2021).

**¶30** In *Count I*, the AGO claimed ABOR abused its tax-exempt status and improperly diverted property tax revenues. The AGO believes it has independent authority to bring that claim pursuant to A.R.S. § 42-1004(E) (authorizing AGO to enforce payment of taxes). But any property owned by ABOR is exempt from taxation. Ariz. Const. art. 9, § 2(1); *see also City of Tempe v. Del E. Webb Corp.*, 13 Ariz. App. 597, 598 (App. 1971). Taxes are levied upon land itself and not its separate legal interests; any property held by ABOR remains tax-exempt. *See Recreation Ctrs. of Sun City, Inc. v. Maricopa Cnty.*, 162 Ariz. 281, 288 (1989). The hotel and conference center are thus tax-exempt. We agree with the tax court that our constitution's exemption from taxation attaches unconditionally to all federal, state, county, and municipal property. Because the property is and will remain tax-exempt, the AGO is left without a tax provision to enforce. The court thus did not err in dismissing *Count I*.

**¶31** The AGO claims to have independent authority to bring *Counts II* and *III* under the *quo warranto* statute. In A.R.S. § 12-2041, the AGO is authorized to bring an action "against any person who usurps, intrudes into or unlawfully holds or exercises any public office or any franchise within this state." In *Count II*, the AGO accused ABOR of "unlawfully usurping at least two different franchises of the State" by making a conveyance (the lease) to evade taxes. *Counts II* and *III* also alleged ABOR exceeded its authority to enter into leases. But § 15-1625(B)(4) empowers ABOR to "[p]urchase, receive, hold, make and take leases and long-term

leases of . . . real and personal property for the benefit of this state and for the use of the institutions under its jurisdiction."

**¶32** More importantly, the *quo warranto* statute enables the AGO to challenge a person's right to hold office but not how that person exercises that office's powers. *See State ex rel. Woods v. Block*, 189 Ariz. 269, 274 (1997). Because the AGO lacked authority under the *quo warranto* statute to bring *Counts II* and *III,* the tax court did not err in dismissing them.

### III. Attorneys' Fees

**¶33** Finally, the AGO objects to the tax court's fee award, arguing broadly that the award is excessive. Under A.R.S. § 12-348.01, the successful party in a lawsuit between governmental entities is entitled to reasonable attorneys' fees. We review fee awards for an abuse of discretion and will affirm if any reasonable basis supports the court's decision. *City of Tempe v. State*, 237 Ariz. 360, 367, ¶ 28 (App. 2015). Once ABOR established an entitlement to fees, the burden shifted to the AGO to show that ABOR's fee request was improper or unreasonable. *See id.* at 368, ¶ 32.

**¶34** The AGO presents to us the same broad arguments it made to the tax court. The tax court was unpersuaded by the AGO's contention that ABOR's attorneys charged an excessive hourly rate. We are similarly unpersuaded. The State Bar survey cited by AGO fails to prove ABOR's attorneys were unreasonably overpaid. The survey only shows that ABOR's attorneys charge (much) more than average, hardly unsurprising for attorneys the tax court described as "at or near the top of the bar."

**¶35** The AGO could have objected to particular line items or specific categories of time entries in ABOR's billing records. Instead, the AGO invited the tax court to determine what number of billed hours were reasonable because "it is impracticable [for the AGO] to tease out what a reasonable number of hours would be for this assignment." But the AGO carries the burden to establish the unreasonableness of ABOR's fee request, and it cannot shift that burden onto the court. The AGO simply failed to meet its burden in the tax court. And it provided us with no analysis of how the tax court abused its discretion. We will not upset the tax court's ruling.

## CONCLUSION

**¶36** We affirm the tax court's judgment. ABOR requests attorneys' fees under § 12-348.01. Creer requests attorneys' fees under the same section and A.R.S. § 12-349(A)(1). We deny Creer's request under § 12-349(A)(1) but otherwise grant these requests for reasonable fees upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA