544 P.2d 1138

PIMA COUNTY, a body politic, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable Jack T. Arnold, Judge thereof, Milton C. STANFILL and Patricia J. Stanfill, husband and wife, Carl C. Noel and Dochiam Noel, husband and wife, Ralph G. Elrod and Lucille L. Elrod, husband and wife, T. E. Moore and Lois Moore, husband and wife, Floyd A. Phillips, Sr., and Ruby M. Phillips, husband and wife, James D. Raney and Ella D. Raney, husband and wife, William E. Raney and Bernice M. Raney, husband and wife, Claude H. Whitby and Juanita J. Whitby, husband and wife, Stewart Title and Trust as Trustee under Trust No. 0683, Real Parties in Interest, Respondents.

No. 2 CA–CIV 2051.

Court of Appeals of Arizona, Division 2.

Jan. 7, 1976.

Rehearing Denied Feb. 4, 1976.

Review Granted March 9, 1976.

Everett, Bury & Moeller, P. C., by David C. Bury, Tucson, for petitioner.

Miller, Pitt & Feldman, P. C., by James R. Figliulo, Tucson, for real parties in interest.

## OPINION

HOWARD, Chief Judge.

The denial of petitioner's motion for summary judgment asserting the bar of the statute of limitations is the subject of this special action. Since appropriate circumstances, which we find present here, warrant appellate intervention by way of special action, we assume jurisdiction. *Allison Steel Mfg. Co. v. Superior Court,* 22 Ariz.App. 76, 523 P.2d 803 (1974); *Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (1973).

The undisputed facts are as follows. In February 1972, plaintiffs McMurrich, Rockhold and Mitchell, filed a complaint (Cause No. 132087) against defendants Prim, Dow Chemical, Oshrin, petitioner Pima County and respondent real party in interest Stewart Title, as trustee. The gravamen of the complaint was that on or about August 19, 1971, the plaintiffs' property sustained flood damage by reason of the negligence of the defendants. Petitioner answered the complaint within the prescribed period of time. On or about August 24, 1972, real parties in interest, Stanfill, Noel, Elrod, Moore, Phillips, Raney and Whitby, asked leave of court to be added as plaintiffs in Cause No. 132087 *only* against Dow Chemical and Oshrin. They were added as parties plaintiff and Stewart Title asserted a cross-claim against Dow Chemical and Oshrin. The complaint and cross-claim filed by the real parties in interest alleged negligence on the part of Dow Chemical and Oshrin on August 19, 1971 (the same incident alleged in the McMurrich complaint.) resulting in damage to the property of these plaintiffs and the cross-claimant.

On June 19, 1975, real parties in interest sought leave to amend their complaint and cross-claim to include petitioner Pima County as a defendant and cross-defendant. The motion to amend was granted, the pre-trial order was amended accordingly, and the court declined to rule on whether the claim and cross-claim, as amended, were barred by the statute of limitations, leaving resolution of the question to either the trial judge or to be raised by a subsequent motion. Pima County thereupon moved for summary judgment on the ground that the damages claim asserted by the real parties in interest against Pima County was barred by A.R.S. Sec. 12–542 (A)(3) (two-year limitation). The motion was opposed by the real parties in interest who claimed that the statute of limitations was tolled by reason of Rule 15(c), Rules of Civil Procedure. The respondent court, in denying the motion for summary judgment, found that the amended complaint was not barred because of Rule 15(c).

Rule 15(c), Rules of Civil Procedure, 16 A.R.S., provides:

> "*Relation    back    of    amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . ."

There is no dispute as to the following: The cause of action accrued in 1971. The damages claim (Count One) asserted in the amended pleading filed in 1975 arose out of the same occurrence set forth in the 1972 pleading filed by the real parties in interest against Oshrin and Dow Chemical. This claim also arose out of the same occurrence which formed the basis of the McMurrich et al. claim against Prim,

Oshrin, Dow Chemical, Stewart Title and petitioner Pima County.

We do not agree with the respondent court that Rule 15(c) tolled the running of the limitations period. Admittedly there is language by way of dictum in our decision in *Green Reservoir Flood Control District v. Willmoth,* 15 Ariz.App. 406, 489 P.2d 69 (1971) which indicates that an amendment will be allowed even though new defendants or new theories are introduced.[1] This statement, however, merely recognizes that there are circumstances when either because of misnomer or mistake concerning the identity of the proper party a "new" defendant is permitted. See e. g. *Travelers Indemnity Company v. United States,* 382 F.2d 103 (10th Cir. 1967); *Infotronics Corp. v. Varian Associates Corporation,* 45 F.R.D. 91 (S.D. Texas 1968). A "new" defendant has also been allowed when the new and the old defendant have such an identity of interest that it can be assumed that relation back will not prejudice the "new" defendant. See e. g. *Miller v. Cousins Properties, Inc.,* 378 F.Supp. 711 (D.Vt.1974); *Hairston v. McLean Trucking Company,* 62 F.R.D. 642 (M.D.N.C.1974). These circumstances are not present here.

We are of the opinion that the principles set forth in *Drug, Cosmetic and Beauty Trades Service, Inc. v. McFate,* 14 Ariz. App. 7, 480 P.2d 30 (1971) are controlling. In *McFate,* Division One of this court stated at 14 Ariz.App. 11, 480 P.2d 34:

"[W]e find no basis in the clear and carefully drawn terms of our amended Rule 15(c), amended Federal Rule 15 (c), or in the revisors' comments pertinent to either for a conclusion that the principle of relation back is to be given effect in the case of added as opposed to substituted parties. If the term 'changing the party' in our amended Rule can conceivably be considered ambiguous on the subject, the language which we have emphasized in quoting our amended Rule following the designation '(2)' clearly indicates that relation back is to work only against a party substituted for an originally named defendant.

In our view, the *Meredith* [*Meredith v. United Air Lines,* 41 F.R.D. 34] case is incorrect insofar as it may be considered authority for a general rule that an amendment adding a party relates back under present 15(c). Had the revisors or the courts adopting the amended version of 15(c) intended implementation of such a general rule, so vitally affecting both individual litigants and the administration of justice generally, they could have readily employed language appropriate to the purpose. We think that amended 15(c) must be applied as written according to its plain terms, and that Judge Holtzoff's conclusion in *King v. Udall,* supra, is correct."

In *King v. Udall,* 266 F.Supp. 747 (D.D.C.1967) it was held that the principle of relation back does not apply to additional

---

1. We cited Williams v. United States, 405 F.2d 234 (5th Cir. 1968) as authority for the statement. The facts in *Williams* and the cases relied on by the *Williams* court for the statement "even new defendants and new theories of recovery will be allowed" 405 F.2d at 237, indicate that the word "will" was intended to be permissive only. The circumstances of the particular case control. In *Williams,* supra, the court recognized the general rule that relation back will not apply to an amendment that substitutes or adds a party. It pointed out, however, that amendment is allowed if the new and former parties have an identity of interest.

In *Williams,* suit had been brought by an injured minor's mother as his next best friend.

The Court of Appeals held that she should have been allowed to amend the complaint to appear as a party plaintiff in order to recover, as a parent, for loss of services. The Court based its decision on the fact that the complaint revealed the existence of (a) a minor, (b) the mother as a parent and (c) the assertion by her of a claim. Thus the defendant was put on notice that the parent's claim was involved. The Court indicated that the result might be different had a non-related person such as a corporate fiduciary, been the next friend for the minor, so that the suit did not reveal the existence of a parent and the assertion of some claim by that parent.

parties. See also, *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973); *Craig v. United States,* 413 F.2d 854 (9th Cir. 1969), cert. denied 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Graves v. General Insurance Corporation,* 412 F.2d 583 (10th Cir. 1969).

■ Real parties in interest argue that petitioner Pima County has been a defendant in this action since February 1972, and has had fair notice of the claim asserted in the amended pleading. It is true that Pima County has been a defendant since February 1972, but only as to the claims asserted by the original plaintiffs. Under Rule 15(c), an amended complaint changing the party against whom a claim is asserted relates back to the date of the original pleading only if all three of the following conditions are met: (1) The claim asserted in the amended pleading arose out of conduct, a transaction, or an occurrence set forth or attempted to be set forth in the original pleading; (2) Within the period provided by law for commencing the action against him, the party to be brought in by amendment has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) Within the period provided by law for commencing the action against him, the parties to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Condition (1) has been satisfied. Assuming arguendo that Pima County had the requisite notice of condition (2), as was successfully contended below by the real parties in interest, the record clearly reveals that condition (3) was not met. Real parties in interest knew petitioner's identity and knew that the original plaintiffs, whose claim arose out of the same occurrence as did theirs, were suing Pima County. The real parties in interest, rather than being mistaken about the identity of the proper party, elected to assert a claim only against Dow Chemical and Oshrin. The fact that their subsequent investigation disclosed facts which led them to believe that a claim should also be asserted against Pima County is not "a mistake concerning the identity of the proper party." Pima County neither knew nor should have known that, but for such mistake, the action would have been brought against it.

The respondent court erred in denying petitioner's motion for summary judgment as to Count One (damages claim) of the amended complaint and the cross-claim. The relation back provision of Rule 15(c) did not apply and therefore the statute of limitations was a bar. The respondent court is directed to enter an appropriate order consistent herewith.

KRUCKER and HATHAWAY, JJ., concurring.