550 P.2d 92

**PIMA COUNTY, a body politic, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable Jack T. Arnold, Judge thereof, Milton C. STANFILL and Patricia J. Stanfill, husband and wife, Carl C. Noel and Dochiam Noel, husband and wife, Ralph G. Elrod and Lucille L. Elrod, husband and wife, T. E. Moore and Lois Moore, husband and wife, Floyd A. Phillips, Sr., and Ruby M. Phillips, husband and wife, James D. Raney and Ella D. Raney, husband and wife, William E. Raney and Bernice M. Raney, husband and wife, Claude H. Whitby and Juanita J. Whitby, husband and wife, Stewart Title and Trust as Trustee under Trust No. 0683, real parties in interest, Respondents.**

No. 12523-PR.

Supreme Court of Arizona, En Banc.

May 25, 1976.
Rehearing Denied June 29, 1976.

Everett, Bury & Moeller, P. C. by David C. Bury, Tucson, for petitioner.

Miller, Pitt & Feldman, P. C. by James R. Figliulo, Tucson, for respondents real parties in interest.

HAYS, Justice.

This matter came to us on a petition for review which sought relief from a decision rendered by the Court of Appeals. We granted the petition. The opinion of the Court of Appeals, 25 Ariz.App. 537, 544 P.2d 1138 (1976), is vacated.

In February of 1972 three plaintiffs not parties to the special action brought before Division Two of the Court of Appeals, filed a complaint against five defendants, including Pima County, petitioner in the special action. The complaint sought damages for injury to land caused by a flood. Several months later, in August of 1972, the respondent real parties in interest in the special action asked leave to be added to the original action as parties plaintiff. Leave was granted and a complaint was filed against only two of the defendants named in the first action, and not against Pima County. The action brought by the added plaintiffs related to property damage caused by the same flood.

In June of 1975 the added plaintiffs sought leave to amend their complaint to include Pima County as a defendant. The motion to amend was granted and Pima County moved for summary judgment on the ground that the new claims were barred by the statute of limitations, ARS § 12–542 (A)(3).

The motion for summary judgment was denied and Pima County brought a special action in the Court of Appeals. That court accepted jurisdiction of the special action and wrote an opinion which in effect was a reversal of the trial court. We agree with the result reached by the Court of Appeals but wish to clarify the application of Rule 15(c), Rules of Civil Procedure, 16 ARS, to additional parties.

Rule 15(c) reads as follows:

"*Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Service of process in compliance with Rules 4(d)(7) or (8) satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant." (Emphasis added).

Simply stated, the issue is whether the words "changing the party" refer to adding parties as well as substituting parties. This issue was addressed in *Drug, Cosmetic and Beauty Trade Service, Inc. v. McFate*, 14 Ariz.App. 7, 480 P.2d 30 (1971). There, the court adopted the position enunciated by Judge Holtzoff in *King v. Udall*, 266 F.Supp. 747 (D.D.C.1967):

> "Subsection (c) of the Rule concerns relation back of amendments. It is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties." 266 F.Supp. at 749.

With this position we agree.

The respondents in the special action point out that Pima County has been a defendant in the action since its inception. This is true, but only as to the original plaintiffs. We hold that as to the claims of the added plaintiffs, the relation back aspect of Rule 15(c) does not apply.

The case is remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.