699 P.2d 1304

Victor QUILES, Intervenor-Appellant,

v.

HEFLIN STEEL SUPPLY COMPANY, an Arizona corporation, dba Heflin Steel Company; Heflin Steel International, Inc., an Arizona corporation, dba Heflin Steel Company; and Heflin Industries, Inc., an Arizona corporation, dba Heflin Steel Company, Defendants-Appellees.

No. 1 CA-CIV 6801.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 19, 1985.

Reconsideration Denied March 28, 1985.

Review Denied June 5, 1985.

74

Eugene A. Burdick, Phoenix, for intervenor-appellant.

Jones, Skelton & Hochuli by Edward G. Hochuli, Don C. Stevens II, Phoenix, for defendants-appellees.

GRANT, Judge.

This is an appeal by an injured worker, Victor Quiles, from the trial court's dismissal of his negligence claim against appellee Heflin Steel Supply Co. To resolve the appeal, we must decide: (1) whether the trial court correctly applied Arizona's statute of limitations, and if so, (2) whether Quiles' intervenor's complaint related back to the negligence claim filed against Heflin Steel by Commercial Insurance Company, the workers' compensation carrier for Quiles' California employer, J.J. Willis Trucking Company. For the reasons set forth below, we hold the trial court erred in dismissing Quiles' complaint.

The essential facts are undisputed. Quiles, a California resident, was employed as a truck driver by J.J. Willis Trucking Company, a California concern. In the course of his employment, Quiles delivered

a load of steel wire that had originated in California to appellee Heflin Steel in Phoenix on December 7, 1978. While a Heflin Steel employee was unloading the wire from Quiles' truck, a roll of wire fell on Quiles and injured him seriously.

Quiles was hospitalized and treated for his injuries in Phoenix. After his release he returned to California and made a claim for workers' compensation benefits under the California Labor Code. Those benefits were paid by Commercial Insurance Company of Newark, New Jersey (Commercial), the workers' compensation carrier for J.J. Willis Trucking Company. Commercial paid in excess of $50,000 in benefits.

On November 30, 1979, less than one year after the accident, Commercial filed a complaint in Maricopa County Superior Court against Heflin Steel. The complaint alleged that Heflin Steel had negligently injured Quiles, thereby requiring Commercial to pay him workers' compensation benefits pursuant to California law. The complaint sought recovery of "damages sustained as a result of making medical and disability payments." Quiles was not a party plaintiff, and the complaint sought no relief on his behalf. Heflin Steel answered on August 5, 1980, alleging that Commercial was not the proper party plaintiff under A.R.S. § 23–1023, and that its claim "is or may be barred by the statute of limitations of the State of California and/or the State of Arizona and/or the provisions of A.R.S. § 23–1023."

On July 24, 1981 Commercial filed a "proof of service" pursuant to California Labor Code § 3853,[1] stating that a notice of Commercial's action against Heflin Steel had been mailed to Quiles on June 29, 1981

and received by him on July 10, 1981. On September 23, 1981, almost three years after the accident, Quiles filed a motion to intervene as a plaintiff in Commercial's action against Heflin Steel. Heflin Steel's response to this motion indicated it believed the motion was procedurally proper under applicable California statutes and therefore did not object.

By minute entry dated October 16, 1981, the trial court granted Quiles leave to intervene. On November 2, 1981 Quiles filed a complaint in intervention against Heflin Steel seeking special and general damages for negligence. Heflin Steel moved to dismiss the complaint on the ground that it was barred by A.R.S. § 23–1023 and A.R.S. § 12–542. The trial court granted the motion and entered a formal order to that effect on September 2, 1982.[2] Quiles thereafter brought this appeal.

■ We first note that Heflin did not challenge Quiles' right to intervene in the trial court and therefore may not do so on appeal. The only question we must answer as to Quiles is whether his complaint was barred by A.R.S. § 12–542 as the trial court held. There is no question that Quiles timely intervened under the California workers compensation scheme which provides for intervention "at any time before trial on the facts." California Labor Code § 3853. Indeed a number of California cases hold that either an employer/carrier or employee may intervene in a third-party claim brought by the other even after the applicable statute of limitations has run. *See, e.g. Jordan v. Superior Court*, 116 Cal.App.3d 202, 172 Cal.Rptr. 30 (1981); *Harrison v. Englebrick*, 254 Cal.

---

1. California Labor Code § 3853 provides as follows:

   If either the employee or the employer brings an action against such third person, he shall forthwith give to the other a copy of the complaint by personal service or certified mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently.

2. The court's order provided in pertinent part:

   [T]he court finds that Arizona has the most significant relationship to the parties and the occurrence and, therefore, the issue of the statute of limitations should be determined by reference to Arizona law.

   A.R.S. § 12–542 requires an action for personal injury to be filed within two years after the cause of action accrues. Intervenor's cause of action against the defendants has not been timely filed and is barred by the statute of limitations.

App.2d 871, 62 Cal.Rptr. 831 (1967); *State Compensation Insurance Fund v. Allen,* 104 Cal.App. 400, 285 P. 1053 (1930). A.R.S. § 12–542 provides that an action for personal injuries must be commenced and prosecuted within two years after the cause of action accrues. Because Quiles' complaint was filed more than two years after the date of his injury the trial court applied the Arizona statute of limitations and barred the complaint pursuant to A.R.S. § 12–542.

▮ Nevertheless, Quiles argues that the timely filing of Commercial's complaint inured to his benefit, thus permitting the claim despite the bar of the statute of limitations. He reasons that his own complaint related back to the filing of Commercial's complaint, and hence, was not time barred.

We hold that under Arizona law Quiles' complaint in intervention related back to Commercial's complaint.

In a recent Arizona decision dealing with the issue of "relation back," *Marshall v. Superior Court,* 131 Ariz. 379, 641 P.2d 867 (1982), the supreme court held that a complaint amended years after the expiration of the applicable statute of limitations nevertheless related back to the time of the original filing and was therefore timely. The court relied primarily upon the first sentence of rule 15(c), Arizona Rules of Civil Procedure, which provides that, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The court in *Marshall* went on to hold: "It is only when the amendment seeks relief with respect to a *transaction* or *event* which was not the 'basis of the original complaint' that the doctrine of relation back is considered inapplicable." 131 Ariz. at 383, 641 P.2d at 871 (emphasis supplied). Here the event (Quiles' injury) was the same and relation back applies. Quiles' complaint was timely filed.

We must now determine whether Commercial was a proper plaintiff because if it were not, Quiles' complaint has nothing to which it can relate back and the dismissal would be appropriate for the reason that Quiles' complaint would then be barred by the statute of limitations, A.R.S. § 12–542. *See Cook v. Superior Court,* 135 Ariz. 1, 658 P.2d 801 (1983).

The success of Quiles' claim, then, is dependent upon this court finding first, that the statutory cause of action is a substantive right requiring choice of law analysis; and second, that such analysis dictates the application of California law.

▮ The California statutory scheme on which Quiles relies in this case has been described by the California courts as follows:

If an injury covered by workmen's compensation is caused by third-party negligence, the employer or his *insurer* may recover from the third party the benefits accruing to the injured employee. For that purpose the employer may (1) bring an action against the third party (Lab. Code, § 3852), (2) join as a plaintiff or intervene in an action brought by the employee (Lab. Code, § 3853), or (3) allow the employee to prosecute the action and apply for a lien upon the employee's net recovery (Lab. Code, § 3856, subd. (b)).

*Gilford v. State Compensation Insurance Fund,* 41 Cal.App.3d 828, 831, 116 Cal. Rptr. 615, 617 (1974) (emphasis added). Under California law, the employer or its carrier may recover the damages the third party owed to both the employer and the employee, *County of San Diego v. Sanfax Corp.,* 19 Cal.3d 862, 140 Cal.Rptr. 638, 568 P.2d 363 (1977). The employee may intervene as plaintiff in an action brought by the employer or the carrier at any time before trial, whether the complaint pleads the employee's general damages or seeks only reimbursement for compensation benefits, *Jordan v. Superior Court.* In *Sanfax* the California Supreme Court stated:

The California workers compensation scheme not only fixes the right of an

employee who suffers a job-related injury to recover compensation from his or her employer or fellow employees (see Lab. Code, §§ 3600, 3601) but also significantly defines the rights of action of both an employee and an employer in the event that a third party is responsible for the employee's injury. These statutory provisions are "primarily procedural." (*Roe v. Workmen's Comp. Appeals Bd.* (1974), 12 Cal.3d 884, 889, 117 Cal.Rptr. 683, 528 P.2d 771.)

19 Cal.3d at 872, 140 Cal.Rptr. at 641, 568 P.2d at 366. The dissent claims that California whose substantive law we are applying has held its statutory provisions regarding workers' compensation are procedural in nature citing *Sanfax.* We do not read *Sanfax* in that manner. *Sanfax* required the California Supreme Court to determine which of two possible California statutes of limitation applied to third party actions by an employer. As the court held:

As we shall point out, the structure of the statutory framework within which an employer sues a third party clearly reveals a legislative design that employer and employee claims against third parties be brought in parallel lines.

*Id.* at 869, 140 Cal.Rptr. at 640, 568 P.2d at 365.

■ Although the court states that the statutory provisions by which the employer and employee third-party actions are made interchangeable are "primarily procedural," the court also holds that "[s]ubstantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings the action, it is essentially the same lawsuit." *Id.* at 874, 140 Cal.Rptr. at 643, 568 P.2d at 368. *Sanfax* therefore recognizes the substantive nature of the employer's claim and the procedural *structure* framing an employer's action. Therefore we are applying the California worker's compensation procedures in a case in which California workers compensation is the source of the substantive rights or duties of the litigants. When compensation has been paid the law of the state of compensation should govern in third-party actions including the nature and extent of lien subrogation, and assignment rights. 4 Larson, *Workmen's Compensation Law* § 88.23 at 16–158 (1983).

The Arizona statutory scheme governing workers' claims against third party tortfeasors differs considerably from that of California. A.R.S. § 23–1023 provides in pertinent part as follows:

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in the event of death his dependents, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

■ In the present case we are dealing with a California worker, a California employer and an application for workers' compensation benefits from California. Under these circumstances we hold the rights as between the worker and the employer and its carrier (or the worker and the carrier) are governed by California law, not by A.R.S. § 23–1023. The carrier commenced this action within one year of the date of injury pursuant to rights given to it under the applicable California statutes. *See Restatement (Second) of Conflict of Laws* § 185 (1971).

■ Arizona has adopted a policy of allowing a worker injured in a multistate

context to choose the state in which to seek compensation. *Cofer v. Industrial Commission,* 24 Ariz.App. 357, 538 P.2d 1158 (1975). A.R.S. § 23–904(B) permits a foreign worker injured in this state to enforce his rights against his employer in this state if they can reasonably be determined by the courts in this state. Quiles sought and received compensation in California. We hold that workers' compensation rights are substantive not merely procedural and therefore once the worker has exercised his choice of where to seek compensation the compensation scheme of that state shall apply. *See Restatement (Second) of Conflict of Laws* §§ 6, 145 and 181–185 (1971). Commercial was a proper party plaintiff and Quiles' complaint related back to Commercial and was therefore timely.

The judgment of the trial court is reversed and the case remanded for proceedings not inconsistent with our opinion.

FROEB, J., concurs.

GREER, Judge, dissenting:

I regret that I am unable to agree with the majority. I would affirm the decision of the trial court.

First, I would hold the appellant's intervention does not relate back to the filing of the original complaint. The majority relies upon *Marshall v. Superior Court,* 131 Ariz. 379, 641 P.2d 867 (1982), which construes the broad language of Rule 15(c) Arizona Rules of Civil Procedure, to leapfrog over the statute of limitations to the date of the original filing. *Marshall* involved an original plaintiff amending her complaint to assert two additional counts against the defendant. The supreme court held that the amended complaint related back to the original filing. Our factual situation, however, differs substantially. Here, Quiles is an added party who intervened as a plaintiff in an existing lawsuit long after the statute of limitations has tolled. In addition, he seeks damages well in excess of those requested by his carrier.

I find the situation here more closely analogous to the decision in *Pima County v. Superior Court,* 113 Ariz. 221, 550 P.2d 92 (1976). There a group of plaintiffs commenced an action for damages against Pima County and other defendants. Later, certain additional plaintiffs were permitted to intervene as parties plaintiff. Their original complaint in intervention did not name Pima County as a defendant. Almost three years later, the intervening plaintiffs sought leave to amend their complaint to include Pima County as a defendant after expiration of the applicable statute of limitations. The trial court allowed the amendment. Pima County moved for summary judgment based on the statute of limitations, but the trial court denied the motion. On special action the supreme court held that summary judgment should have been granted in favor of Pima County. It reasoned that, though Pima County was aware of the additional plaintiffs' claim by virtue of their intervention, relation back of amendments under Rule 15(c), Arizona Rules of Civil Procedure, applied only to *substituted* parties, not to *added* parties. The court stated:

> The respondents in the special action point out that Pima County has been a defendant in the action since its inception. That is true, but only as to the original plaintiffs. We hold that as to the claims of the added plaintiffs, the relation back aspect to Rule 15(c) does not apply.

*Pima County v. Superior Court,* 113 Ariz. at 223, 550 P.2d at 94.

I am not unmindful of various decisions allowing relation back of claims brought by new plaintiffs. *Watts v. State,* 115 Ariz. 545, 566 P.2d 693 (App.1977), a case in which we allowed a claim by the personal representative to relate back, is a good example. I find, however, a clear distinction between *Watts,* where the proper party plaintiff was inadvertently omitted from a pleading, and the instant case, where an entirely new plaintiff seeks to intervene seeking additional damages.

Second, even if appellant's claim could somehow relate back, I would hold that in any event, Arizona Workers' Compensation

law applies and therefore, that appellant's claim has passed by operation of law to his carrier.

In *Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964), our supreme court found that "[m]atters respecting the remedy, such as the bringing of suits" is determined by the law of the forum. *Id.* at 251–52, 393 P.2d at 935–36. Applying the rule of *Ross*, I would find the right to bring a third party suit in this case to be a procedural claim, and hold, therefore, that under A.R.S. § 23–1023(B) appellant did not own the claim at the time he brought suit. I note that California, the state whose substantive law is ultimately applied by the majority, has held these very statutory provisions to be procedural in nature. *See County of San Diego v. Sanfax Corp.*, 19 Cal.3d 862, 140 Cal.Rptr. 638, 568 P.2d 363 (1977).

Accordingly, I respectfully dissent.