NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHARYN NESBITT, *Plaintiff/Appellant*,

*v.*

RADISSON HOTELS INTERNATIONAL, INC., a foreign corporation,
*Defendant/Appellee*.

No. 1 CA-CV 13-0336

FILED 08-28-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-003064
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Cheifetz Iannitelli Marcolini PC, Phoenix
By Jeffrey R. Finley
*Counsel for Plaintiff/Appellant*

Kelhoffer Manolio & Firestone PLC, Scottsdale
By Charles I. Kelhoffer, Joy A. Garvey
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

_____

**C A T T A N I**, Judge:

¶1        Sharyn Nesbitt appeals the dismissal of her amended complaint against Radisson International Hotels, Inc. ("Radisson"). Nesbitt challenges the superior court's determination that the amended complaint, which attempted to substitute Radisson for a different defendant named in a January 19, 2012 complaint, did not relate back to the original complaint and was time-barred.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Nesbitt fell and fractured her foot on January 24, 2010, while attending a car auction on the grounds of the Fort McDowell Yavapai Nation casino.  On January 9, 2012, she brought an action for personal injuries against the Fort McDowell Indian Community and Gaming Center in Fort McDowell Yavapai Nation Tribal Court.  The tribal court dismissed Nesbitt's claim with prejudice based on the one-year statute of limitations under Fort McDowell Yavapai Nation Law and Order Code § 4-54.  Nesbitt did not seek to amend her complaint to assert a premises liability claim against Radisson or Tribal First, the third-party administrator responsible for handling personal injury claims filed against the Fort McDowell Indian Community.  Nor did she file an appeal from the adverse ruling.

¶3        On January 19, 2012, Nesbitt filed a negligence complaint against the Fort McDowell Indian Community and Gaming Center in Maricopa County Superior Court.  The superior court dismissed the suit with prejudice based on sovereign immunity.  Nesbitt did not seek to amend or to appeal from the ruling.

¶4        In the instant case, also initiated on January 19, 2012, Nesbitt filed a complaint in Maricopa County Superior Court against Tribal First. The complaint alleged that Tribal First practiced "bad faith" in handling "legitimate liability claims," that "claims over $5000 are routinely thrown

out," that Tribal First discouraged Nesbitt from filing a notice of claim, and that "Tribal First is lying." After itemizing asserted medical expenses, Nesbitt requested judgment for damages in the amount of $450,000.

**¶5**         Tribal First moved to dismiss, asserting that because Nesbitt was not a party to the insurance contract, she could not sue for tortious bad faith. The superior court agreed, dismissing Tribal First without prejudice, and granting Nesbitt leave to join a proper party on or before April 16, 2012.

**¶6**         Nesbitt filed an amended complaint against Radisson on April 16, 2012. This pleading, served on October 9, 2012, eliminated the insurance bad faith allegations and dropped Tribal First as a defendant. The amended complaint instead alleged that Radisson controlled the property and breached its duties to keep the property free of hazards and to warn guests, including Nesbitt, of any hazards. Nesbitt further alleged that she sustained financial loss from her inability to work and from medical bills, and that she endured pain and suffering.

**¶7**         Radisson moved to dismiss the amended complaint as untimely under Rules 12(b)(1), (6) and 15(c) of the Arizona Rules of Civil Procedure. Following briefing and oral argument, the superior court granted Radisson's motion and dismissed Nesbitt's complaint. Nesbitt timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

## DISCUSSION

**¶8**         Nesbitt asserts that under Rule 15(c), her amended complaint against Radisson related back to the original (January 19, 2012) complaint against Tribal First. She thus argues that the amended complaint was not untimely under the statute of limitations and should not have been dismissed. We review issues concerning the application of the statute of limitations—here, the interplay between the applicable limitations period and Rule 15(c)—de novo. *See Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, 241, ¶ 1, 16 P.3d 801, 802 (App. 2000).

**¶9**         Rule 15(c) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,

_____

[1]         Absent material revisions after the relevant date, we cite a statute's current version.

the amendment relates back to the date of the original pleading." If an amendment adding a party is filed after the applicable statute of limitations has expired, the amendment is nonetheless timely if, within the limitations period, plus the time allowed for service, the party to be added by amendment "(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Id.*

¶10 The purpose of Rule 15(c)'s relation back provision is "to ameliorate the effect of the statute of limitations." *Tyman v. Hintz Concrete, Inc.*, 214 Ariz. 73, 74, ¶ 9, 148 P.3d 1146, 1147 (2006) (citation omitted). Amendment thus may be proper where an amended complaint advances a different theory relating to the same conduct, or where a proper party is substituted for an original party. *See Marshall v. Superior Court*, 131 Ariz. 379, 383–84, 641 P.2d 867, 871–72 (1982) (holding that relation back under Rule 15 is appropriate to add additional claims arising from same conduct by defendant); *Quiles v. Heflin Steel Supply Co.*, 145 Ariz. 73, 74–76, 699 P.2d 1304, 1305–07 (App. 1985) (holding insured's intervenor complaint alleging defendant's negligence related back to insurance carrier's complaint alleging that defendant's negligent conduct resulted in injury to insured).

¶11 Nesbitt did not satisfy her burden under Rule 15(c) of demonstrating that the amended complaint related back to the original complaint. *See Pargman v. Vickers*, 208 Ariz. 573, 578, ¶¶ 24–27, 96 P.3d 571, 576 (App. 2004) (noting that the plaintiff bears the burden of establishing the elements required by Rule 15(c)). Nesbitt's original complaint asserted the tort of insurance bad faith, which requires a showing that an insurer intentionally denied, failed to process, or failed to pay a claim without a reasonable basis for doing so. *See Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 500, 851 P.2d 122, 125 (App. 1992). In contrast, her amended complaint asserted a premises liability claim, which involves a breach of the duty of reasonable care, including the duty to discover and correct or warn of unreasonably dangerous conditions that could reasonably be foreseen to cause injury. *See McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252–53, ¶ 23, 293 P.3d 520, 528–29 (App. 2013). Thus, the two complaints involved significantly different conduct.

¶12 Nesbitt points out that her original complaint contained factual information similar to that in the amended complaint, in particular facts relating to her attendance at the car auction and her injury resulting

from slipping on a hole in the property where the auction was held. Nevertheless, the original complaint's liability allegations are premised solely on Tribal First's alleged bad faith handling of her claim. Thus, the claims in the two complaints do not share the same operative facts.

¶13 This conclusion is further borne out by Nesbitt's series of complaints in this matter, which collectively demonstrate that she understood there was a difference between the types of claims being alleged in the original and amended complaints. Nesbitt filed a premises liability claim (against the Fort McDowell Indian Community and Gaming Center) in Maricopa County Superior Court on the same date she filed the bad faith action against Tribal First. If Nesbitt had intended to pursue a claim against Tribal First based on the conduct underlying her premises liability claim, Tribal First would presumably have been included as an additional defendant in the premises liability lawsuit. Thus, it is apparent that the Tribal First litigation involved different conduct than that at issue in Nesbitt's original (premises liability) complaint.

¶14 Moreover, when her premises liability claim against Fort McDowell Indian Community and Gaming Center was dismissed, Nesbitt never attempted to amend that complaint to name Radisson as a defendant or to appeal that dismissal. Her attempt to substitute Radisson as a defendant in the instant case does not revive the previously-dismissed premises liability litigation.

¶15 Citing *Quiles*, Nesbitt argues that this court has permitted amendment under circumstances similar to those here. But in *Quiles*, an insurance carrier had filed a timely complaint against a defendant whose negligent conduct had injured the insured. 145 Ariz. at 75, 699 P.2d at 1306. The insured sought to intervene while the case was pending but after the statute of limitations had run on his cause of action. *Id.* The trial court barred the insured's complaint based on the statute of limitations, *id.*, but this court reversed, holding that the insured's complaint related back to the insurance carrier's original complaint. *Id.* at 76, 699 P.2d at 1307. *Quiles* is distinguishable because the conduct implicated in the insurance carrier's initial complaint was the same as that in the insured's amended complaint: in both cases the conduct at issue was the defendant's negligence that allegedly resulted in the insured being injured. *See id.* In contrast, in the instant case, the conduct at issue in the original complaint involved the denial of an insurance claim, which related to a contract between an insured and an insurer, and not necessarily to the merits of the underlying cause of action against the insured.

5

**¶16** Because Nesbitt's amended complaint for premises liability did not relate back to her original bad faith claim, we conclude that the superior court did not err by applying the statute of limitations and dismissing her amended complaint.

**¶17** Finally, as the prevailing party on appeal, Radisson is entitled to its costs on appeal upon its compliance with ARCAP 21.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm the superior court's judgment.



Ruth A. Willingham · Clerk of the Court
FILED: gsh