IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STEPHANIE JACKSON, AN INDIVIDUAL,
*Plaintiff/Appellant*,

*v.*

EAGLE KMC L.L.C., AKA EAGLE KMC TRANSPORTATION, AKA EAGLE
TRANSPORTATION CO., AKA EAGLE J&K TRANSPORTATION L.L.C., AKA
EAGLE TUCSON SOUTH, L.L.C., AKA EAGLE TRANSPORTATION, L.L.C., AN
ARIZONA CORPORATION; RACHAEL GABRIELLA HENDER, A SINGLE WOMAN;
WERNER ENTERPRISES, INC., A FOREIGN CORPORATION; DRIVERS
MANAGEMENT, L.L.C., A FOREIGN CORPORATION, ET AL.,
*Defendants/Appellees*.

No. CV-18-0056-PR
Filed January 2, 2019

Appeal from the Superior Court in Mohave County
The Honorable Charles W. Gurtler, Judge
No. S8015CV201600092
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
244 Ariz. 224 (App. 2018)
**VACATED**

COUNSEL:

Ryan Skiver (argued), The Skiver Law Firm, Scottsdale; James E. Harris,
Harris & Associates P.C., L.L.O., Omaha, NE, Attorneys for Stephanie
Jackson

Phillip H. Stanfield, Daniel O. King, Lori L. Voepel (argued), Jones, Skelton
& Hochuli, P.L.C., Phoenix, Attorneys for Eagle KMC L.L.C., Rachael
Gabriella Hender, Werner Enterprises, Inc., and Drivers Management,
L.L.C.

James F. Mahoney, Emily K. Dotson, Resnick & Louis, P.C., Scottsdale, Attorneys for Amicus Curiae Arizona Trucking Association

Stanley G. Feldman, Miller, Pitt, Feldman & McAnally, P.C., Tucson; David L. Abney (argued) Ahwatukee Legal Office P.C., Phoenix, Attorneys for Amicus Curiae Arizona Association for Justice/Arizona Trial Lawyers Association

———————

JUSTICE GOULD authored the opinion of the Court, in which CHIEF JUSTICE BALES and JUSTICES PELANDER, TIMMER, BOLICK, and LOPEZ, and JUDGE ECKERSTROM* joined.

———————

JUSTICE GOULD, opinion of the Court:

**¶1**      We hold that Arizona's automatic assignment provision in A.R.S. § 23-1023(B) does not apply when an employee receives workers' compensation benefits under another state's laws.  Rather, the law of the state in which an employee's workers' compensation is paid determines the assignment rights of the employer and employee.

**I.**

**¶2**      Stephanie Jackson, a South Carolina resident, was employed as a semi-truck driver for Drivers Management, LLC ("DM"), a Nebraska company.  DM contracted with Eagle KMC, LLC ("Eagle"), an Arizona company, to provide training for Jackson in Arizona.  In February 2014, Jackson was a passenger in a semi-truck driven by Rachael Hender, an Eagle employee.  Jackson was injured when Hender rolled the semi-truck while driving in Arizona.  She subsequently applied for and received workers' compensation in Nebraska.  DM, which is self-insured for workers' compensation, paid Jackson's benefits.

---

\* Vice Chief Justice Robert M. Brutinel has recused himself from this case. Pursuant to article 6, section 3, of the Arizona Constitution, the Honorable Peter J. Eckerstrom, Chief Judge of the Arizona Court of Appeals, Division Two, was designated to sit in this matter.

¶3          In February 2016, a few days before Arizona's two-year statute of limitations expired, *see* A.R.S. § 12-542(1), Jackson filed this personal injury action against Eagle, Hender, and Werner Enterprises (the registered owner of the semi-truck) (collectively "Eagle"), alleging several claims, including strict liability, negligence, and "statutory violations." In accordance with Nebraska law, because DM had a subrogation claim against any third-party recovery, Jackson named DM as a defendant. *See* Neb. Rev. Stat. § 48-118 (stating an "employer having paid or paying compensation to [an] employee . . . shall be made a party to the suit" for subrogation purposes).

¶4          Eagle filed a motion to dismiss (later converted into a motion for summary judgment) arguing that pursuant to § 23-1023(B), Jackson had no legal interest in the action. Section 23-1023(B) provides, among other things, that if a person entitled to compensation under Arizona's workers' compensation laws does not file an action against a third person who caused the injury within one year of the action accruing, the action is deemed to be assigned to the employer or the workers' compensation insurer. The superior court granted summary judgment in favor of Eagle, reasoning that § 23-1023(B) applied here, and thus Jackson had no legal interest in the action.

¶5          The court of appeals reversed. *Jackson v. Eagle KMC LLC*, 244 Ariz. 224, 227 ¶ 14 (App. 2018). Relying on *Quiles v. Heflin Steel Supply Co.*, 145 Ariz. 73, 77 (App. 1985), it held that § 23–1023(B) did not apply to Jackson's claim because her "workers' compensation benefits were adjudicated and paid in Nebraska," and therefore the law of Nebraska "governs subrogation, lien, and assignment rights in this action." *Jackson*, 244 Ariz. at 227 ¶ 13.

¶6          We granted review to determine whether the automatic assignment provision in § 23-1023(B) applies to actions against a third-party tortfeasor when an injured employee receives workers' compensation benefits under another state's laws. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶7          We review de novo the superior court's grant of summary judgment. *Delgado v. Manor Care of Tucson AZ, LLC*, 242 Ariz. 309, 312 ¶ 10 (2017).

¶8 The issue is whether Arizona or Nebraska law applies to Jackson's claim against Eagle. If Arizona law applies, then Jackson has no legal interest in the action. Specifically, pursuant to § 23-1023(B), because Jackson did not file a claim against Eagle within one year after the accident, her claim was automatically assigned to DM. In contrast, if Nebraska law applies, then Jackson retains her legal interest, because Nebraska has no automatic assignment provision. *See* Neb. Rev. Stat. § 48-118 ("Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee . . . to bring suit against such third person in his or her own name.").

**A.**

¶9 In *Quiles*, our court of appeals held that "[w]hen compensation has been paid[,] the law of the state of compensation should govern in third-party actions including the nature and extent of lien subrogation, and assignment rights." 145 Ariz. at 77. This rule comports with the Restatement (Second) of Conflict of Laws § 185 (Am. Law Inst. 1971) (stating that the law of the state in which compensation is paid governs employee claims against third-party tortfeasors); *see also* 14 Lex K. Larson, *Larson's Worker's Compensation* § 144 (Matthew Bender, rev. ed. 2018) ("[I]f compensation has been paid in a foreign state and suit is brought against a third party in the state of injury, the substantive rights of the employee . . . and the employer are ordinarily held governed by the law of the foreign state."). Several other jurisdictions also follow this rule. *See, e.g.*, *Kolberg v. Sullivan Foods, Inc.*, 644 N.E.2d 809, 811 (Ill. App. Ct. 1994) (holding that the law of the state where workers' compensation benefits were applied for and received applied to employee's claim against third party); *Langston v. Hayden*, 886 S.W.2d 82, 85–86 (Mo. Ct. App. 1994) (same); *Harris v. Ballard*, 953 N.Y.S.2d 366, 367 (N.Y. App. Div. 2012) (same); *Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 884 N.E.2d 1228, 1230–32 (Ohio Ct. App. 2005) (same).

**B.**

¶10 Eagle contends, however, that by enacting A.R.S. § 23-904(C) in 2009, the legislature "effectively overruled" *Quiles*. According to Eagle, unless a third-party claim is "exempt" under § 23-904(C), Arizona workers' compensation law applies. Eagle asserts that because Jackson does not qualify for an exemption pursuant to § 23-904(C), she is subject to the automatic assignment provision in § 23-1023(B) and therefore has no legal interest in this action. We disagree.

¶11 We need not determine whether Jackson's claim is exempt under § 23-904(C) because the statute is not relevant to the choice of law issue in this case. Section 23-904(C), by its terms, does not apply to the

assignment rights of employees and employers in the context of a third-party claim. Rather, § 23-904(C) addresses when an out-of-state employee who is injured in Arizona is "exempt from" (i.e., not entitled to receive) workers' compensation benefits in Arizona. Indeed, apart from subsection (C), the remainder of § 23-904 focuses on the payment of workers' compensation benefits. *See* § 23-904(A), (B) (stating that Arizona employees injured in this state or another state are "entitled to" Arizona workers' compensation benefits); § 23-904(G) (discussing the set-offs and credits applied to workers' compensation paid to an employee who receives benefits in both Arizona and another state ); *see also Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017) (stating we construe a subsection of a statute in the context of the entire statute).

¶12      To the extent there is any ambiguity, § 23-904(C)'s legislative history supports our construction. Nothing in that history indicates that the statute was intended to affect third-party claims. Rather, the legislative history shows that the statute's purpose was to address the payment of workers' compensation benefits for workers who may be eligible to receive benefits in Arizona and another state. *See* Ariz. State Senate Fact Sheet for S.B. 1148, 51st Leg., 1st Reg. Sess. (Jan. 30, 2013) (stating that the law was meant to replace the existing "statute that dictates . . . the *right to compensation* of an out-of-state employee injured in Arizona.") (emphasis added); *see also Hearing on S.B. 1148 Before the S. Comm. on Commerce, Energy and Military*, 51st Leg., 1st Reg. Sess. (Jan. 30, 2013) (statement of Sen. John McComish, Member, S. Comm. on Commerce, Energy & Military), http://azleg.granicus.com/MediaPlayer.php?clip_id=11508&autostart=0 &meta_id=226129 (explaining, as the bill's sponsor, that the statute is intended to require employees to file for benefits in their state of employment to protect Arizona employers from having to pay benefits under the more generous workers' compensation laws of another state).

¶13      In short, § 23-904(C) does not abrogate the rule set forth in *Quiles*. We therefore approve *Quiles* and hold that because Jackson received workers' compensation benefits in Nebraska, that state's law regarding assignment applies to her claims against Eagle in this action. Thus, because Nebraska does not have an automatic assignment provision, Jackson has a legal interest in those claims.

### III.

**¶14** For the foregoing reasons, we vacate the court of appeals' opinion, reverse the superior court's grant of summary judgment in favor of Eagle, and remand the case to the superior court for further proceedings consistent with this opinion.