NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DARIA HARPER, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ISLANDER RV RESORT, *Respondent Employer*,

COPPERPOINT GENERAL INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 21-0010
FILED 12-28-2021

Special Action - Industrial Commission
ICA Claim No. 20142-520533
Carrier Claim No. 14G01532
The Honorable Kenneth J. Hill, Administrative Law Judge

**AFFIRMED**

COUNSEL

Schiffman Law Office PC, Phoenix
By Alan M. Schiffman
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By Kirk A. Barberich
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1 Daria Harper appeals the Industrial Commission of Arizona's ("ICA") award declaring a worker's compensation lien enforceable against third-party recovery proceeds. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Harper injured her knee in 2014 while working for Islander RV Resort. CopperPoint General Insurance Company accepted her worker's compensation claim, and she received benefits. Harper's treatment included several surgeries. Complications from her second surgery led to emergency surgery in June 2015 at Valley Hospital in Las Vegas, Nevada. Negligence from her treatment in Nevada caused her to become a quadriplegic.

¶3 In August 2015, CopperPoint filed a Notice of Claim Status under A.R.S. § 23-1023(D), asserting its right to a lien on any proceeds Harper recovered from a third party for negligence. Harper did not respond to that notice. In 2016, she filed a medical malpractice lawsuit in Nevada against Valley Hospital and the doctors who treated her. Harper settled the matter in 2018 for $6.25 million, including about $1.25 million in attorneys' fees and costs. In October 2019, CopperPoint issued a second lien notice, asserting its statutory lien against the proceeds from the Nevada lawsuit ("Proceeds"). Harper filed a timely hearing request, claiming CopperPoint's lien could not reach the Proceeds.

¶4 In May 2020, CopperPoint issued a notice asserting a lien of about $3.2 million against future benefits owed to Harper and suspending benefit payments to Harper until she paid the lien in full. Harper filed a declaratory judgment action in Nevada, claiming that Nevada law precluded CopperPoint's lien from reaching the Proceeds. The Nevada trial court dismissed the action in October 2020, concluding Arizona law applied

2

to the lien and Nevada law did not preclude CopperPoint from enforcing it.  Harper appealed that ruling.

¶5            Before the Nevada trial court issued its ruling, the ICA held a hearing on Harper's challenge to CopperPoint's October 2019 lien notice. Harper did not dispute the lien's validity, but she argued Nevada law governed the lien and prohibited CopperPoint from reaching the Proceeds. CopperPoint argued Harper could not challenge the lien because she failed to request a hearing when CopperPoint issued the 2015 lien notice. CopperPoint also contended Arizona law governed the lien and permitted enforcement against third-party recovery proceeds.

¶6            The Administrative Law Judge ("ALJ") determined Harper could challenge the lien because "CopperPoint effectively reopened the issue when it issued the [October 2019 lien notice], which [Harper] timely protested." After concluding Arizona law governed the lien's enforceability, the ALJ declared CopperPoint's lien enforceable against the Proceeds under A.R.S. § 23-1023(D). Harper requested administrative review, and the ALJ affirmed his ruling. This special action review followed. We have jurisdiction to review an ICA award under A.R.S. §§ 12-120.21(A)(2), 23-951(A) and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶7            We defer to the ALJ's factual findings but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003).

¶8            An Arizona worker injured on the job may sue a third party for compensation when the third party's negligence contributed to the worker's injury. But to the extent the worker accepts workers' compensation benefits, Arizona law creates a lien in favor of the workers' compensation insurance carrier for recovery of the amount of benefits paid when a third party also compensates the worker for her injuries. A.R.S. § 23-1023(D).

¶9            These liens "require the third party to pay what he would normally pay if there were no workers' compensation, to reimburse the carrier for its compensation expenditure, and to allow the compensation beneficiary to enjoy the excess of the damage recovery over compensation." *Mannel v. Indus. Comm'n*, 142 Ariz. 153, 155 (App. 1984). And § 23-1023(D) "furthers the general policy of preventing an employee from obtaining the double recovery that would result if he received both compensation

benefits and damages from a third party." *Martinez v. Indus. Comm'n*, 168 Ariz. 307, 310 (App. 1991).

**¶10**　　　　Both parties assert legal error in the ICA's Award. CopperPoint contends Harper cannot challenge the lien because she failed to protest the initial lien notice. But CopperPoint disregards the lien notice it issued in October 2019. Harper timely protested the October 2019 lien notice, and she challenged the lien's applicability to the Proceeds. CopperPoint's October 2019 lien notice informed Harper of her right to request a hearing if she disagreed with it. *See* A.R.S. § 23-947(A) (allowing 90 days to request a hearing after a party issues a lien notice). The ALJ did not err in allowing Harper to challenge the lien's applicability to the Proceeds.

**¶11**　　　　Harper contends: (1) Nevada law applies to the enforcement of CopperPoint's lien; and (2) Nevada law prohibits such enforcement against the Proceeds.

**¶12**　　　　When an employee receives workers' compensation, the law of the state of compensation governs third-party actions, including lien subrogation. *Quiles v. Heflin Steel Supply Co.*, 145 Ariz. 73, 77 (App. 1985). In *Quiles*, a California company's employee sustained an injury while working in Arizona. The employee filed a workers' compensation claim in California and received benefits from the insurance carrier. The insurance carrier later sued a third party for negligently injuring the employee in Arizona, seeking recovery for benefits paid to the employee. We held that California's compensation law applied, rendering the insurance carrier a proper party plaintiff. *Id.* at 78; *see also Cofer v. Indus. Comm'n*, 24 Ariz. App. 357, 358 (App. 1975) (injured workers choose where to file their claims). The Arizona Supreme Court approved our *Quiles* holding in *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544 (2019).

**¶13**　　　　Harper chose to file her claim in Arizona. Arizona law thus applies and permits CopperPoint's enforcement of its lien against the Proceeds.

**CONCLUSION**

¶14   We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  JT